IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OSHEA JENKINS, | ) | |
| | ) | No. 1:20-cv-03782 |
| Plaintiff, | ) | |
| v. | ) | Honorable Elaine E. Bucklo |
| | ) | |
| REGAL CINEMAS, INC., | ) | Magistrate Jeffrey Cole |
| | ) | |
| Defendant. | ) | |

**SECOND AMENDED COMPLAINT**

Plaintiff Oshea Jenkins, by her undersigned attorneys, as and for her Second Amended Complaint for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, against Defendant Regal Cinemas, Inc. ("Regal" or "Defendant"), alleges on personal knowledge, due investigation of her counsel, and, where indicated, on information and belief as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in collecting, storing, using, disclosing, and redisclosing her biometric identifiers[1] and biometric information[2] (referred to collectively at times as "biometrics") without first developing the requisite data retention and destruction policies, making the required disclosures, and obtaining prior informed written consent, in direct violation of BIPA.

---

[1] A "biometric identifier" is any personal feature that is biologically unique to an individual, such as retina or iris scans, fingerprints, and scans of hand or face geometry. 740 ILCS 14/10.

[2] "Biometric information" is any information based on a person's biometric identifier used to identify an individual. 740 ILCS 14/10.

2. The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/15(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

3. In recognition of these concerns over the security of individuals' biometrics the Illinois Legislature enacted BIPA, which provides, *inter alia*, that a private entity like Defendant may not obtain and/or possess an individual's biometrics unless it informs that person in writing that biometric identifiers or information will be collected or stored. *See* 740 ILCS 14/15(b).

4. BIPA further requires that entities collecting biometrics must inform those persons in writing of the specific purpose and length of term for which such biometric identifiers or biometric information are being collected, stored and used. *See id.*

5. Moreover, entities collecting biometrics must develop and comply with a publicly-available written retention schedule and guidelines for permanently destroying biometrics collected. *See* 740 ILCS 14/15(a).

6. BIPA also prohibits private entities like Defendant from disclosing, redisclosing, or otherwise disseminating an individual's Biometrics unless: (1) the individual consents to the disclosure or redisclosure before it occurs; (2) the disclosure or redisclosure completes a financial transaction the individual requested or authorized; (3) the disclosure or redisclosure is required by State or federal law or municipal ordinance; or (4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction. *See* 740 ILCS 14/15(d).

7.      Further, the entity must store, transmit and protect an individual's biometric identifiers and biometric information using the same standard of care in the industry and in a manner at least as protective as the means used to protect other confidential and sensitive information.  *See* 740 ILCS 14/15(c).

8.      Finally, the entity is expressly prohibited from selling, leasing, trading or otherwise profiting from an individual's biometrics.  *See* 740 ILCS 15/15(c).

9.      In direct violation of each of the foregoing provisions of §§ 15(a), 15(b) and 15(d) of BIPA, Defendant collected, stored, used, disclosed, and redisclosed—without first providing notice and the required information, obtaining informed written consent or publishing data retention and destruction guidelines—the fingerprints and associated personally identifying information of hundreds of its employees (and former employees, including Plaintiff), who were required to "clock in" and "clock out" using their fingerprints.

10.     This practice of requiring employees to "clock in" and "clock out" of each work shift and break using their fingerprints was in place at least since approximately the end of 2014.

11.     Plaintiff left Defendant's employ in approximately May 2016 and was "clocking in" and "clocking out" using her fingerprints during her tenure of employment with Defendant.

12.     If Defendant's database of digitized fingerprints were to fall into the wrong hands, by data breach or otherwise, the employees to whom these sensitive and immutable biometric identifiers and/or biometric information belong could have their identities stolen, among other serious issues.

13.     BIPA confers on Plaintiff a right to know of such risks, which are inherently presented by the collection and storage of biometrics, and a right to know how long such risks will persist after termination of their employment.

14. Despite BIPA having been the law for more than a decade, Defendant never adequately informed Plaintiff of its biometric collection practices, never obtained the requisite written consent from Plaintiff regarding its biometric practices, and never provided any data retention or destruction policies to Plaintiff.

15. Plaintiff brings this action to force Defendant to comply with BIPA with respect to Plaintiff's biometrics, and to recover statutory damages for Defendant's unauthorized collection, storage, use, and disclosure of her biometrics in violation of BIPA.

## PARTIES

16. Plaintiff is, and has been at all relevant times, a resident and citizen of Illinois.

17. Defendant Regal Cinemas, Inc. is a corporation organized under the laws of Tennessee and doing business in Cook County, Illinois within a facility located at 1471 W Webster Avenue, Chicago, Illinois.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1332(c)(1) because this is a civil action between citizens of different States and the matter in controversy exceeds $75,000, exclusive of interests and costs.

19. This Court has personal jurisdiction over Defendant because the biometrics that give rise to this lawsuit were (1) collected by Defendant at facilities in Illinois, (2) stored by Defendant at facilities in Illinois, and (3) used by Defendant at facilities in Illinois, and (4) disclosed by Defendant from Illinois.

20. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because this is the district in which a substantial part of the events and omissions giving rise to the claims occurred, and

pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this district within the meaning of 28 U.S.C. § 1391(c)(2).

## FACTUAL BACKGROUND

### I. Illinois' Biometric Information Privacy Act.

21. In 2008, Illinois enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. BIPA makes it unlawful for a company to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers and/or biometric information, unless it first:

> (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."

740 ILCS 14/15 (b).

22. Section 15(a) of BIPA also provides:

A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

202436_3

23. In addition, BIPA makes it unlawful for a company in possession of a biometric identifier or information to disclose, redisclose, or otherwise disseminate the biometric identifier or information unless:

> (1) The company obtains the subject of the biometric identifier or information consents to the disclosure or redisclosure;
>
> (2) the disclosure or redisclosure completes a financial transaction requested or authorized by the subject of the biometric identifier or information;
>
> (3) the disclosure or redisclosure is required by State or federal law or municipal ordinance; or
>
> (4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

740 ILCS 14/15(d).

24. As alleged below, Defendant's practices of collecting, storing and using individuals' biometric identifiers (specifically, fingerprints) and associated biometric information without prior informed written consent violated BIPA § 15(b). Defendant's disclosure and redisclosure of those biometric identifiers and information to a third-party without prior informed consent violated BIPA § 15(d). And Defendant's failure to develop a publicly-available written policy establishing Defendant's retention schedule and guidelines for the permanent destruction of individuals' biometric identifiers and biometric information, and Defendant's failure to permanently destroy those biometric identifiers and information within the required timeframes, violated BIPA § 15(a).

**II.  Defendant Violated Illinois' Biometric Information Privacy Act.**

25. Unbeknown to the average person, and in direct violation of § 15(b)(1) of BIPA, Defendant scanned, collected, and stored in an electronic database, digital copies of each employee's fingerprints during the employee onboarding process from at least approximately the end of 2014 to at least approximately May 2016, and on each occasion an employee clocks in or

6

out of one of Defendant's Illinois-based facility – all without ever informing anyone of this practice in writing.

26. Defendant also disclosed and redisclosed digital copies of its Illinois employees' fingerprints and biometric information to a third-party without informing the employees.

27. In direct violation of §§ 15(b)(2) and 15(b)(3) of BIPA, from at least approximately the end of 2014 to at least approximately May 2016, Defendant never informed Illinois employees who had their fingerprints collected of the specific purpose and length of time for which their biometric identifiers or information would be collected, stored and used, nor did Defendant obtain a written release from these individuals.

28. In direct violation of § 15(a) of BIPA, from at least the end of 2014, Defendant did not have written, publicly available policies identifying its retention schedules or guidelines for permanently destroying any of these biometric identifiers or biometric information, and Defendant did not permanently destroy their biometric identifiers and biometric information within the statutorily-mandated timeframes.

29. In violation of BIPA § 15(d), Defendant disclosed its Illinois employees' biometric identifiers and biometric information to a third-party without first informing them and obtaining their consent.

**III. Plaintiff Oshea Jenkins' Experience.**

30. Plaintiff began working for Defendant in or around the end of 2014.

31. During the course of Plaintiff's employment, Defendant required Plaintiff to place her fingers on a fingerprint scanner, at which point Defendant scanned and collected, and stored in an electronic database, digital copies of Plaintiff's fingerprints.

7

32. Plaintiff worked for Defendant until approximately May 2016. During her employment tenure, Plaintiff was required to place her fingers on a fingerprint scanner, which scanned, collected and stored her fingerprints each time she "clocked" in and out as part of the timekeeping system.

33. Then, upon information and belief, Defendant's fingerprint matching technology compared Plaintiff's scanned fingerprint against the fingerprint and/or biometric information previously stored in Defendant's or a third-party's fingerprint database.

34. Defendant also disclosed and redisclosed Plaintiff's fingerprints and biometric information to a third-party.

35. On each occasion of "clocking in," Plaintiff was granted access to Defendant's facility in order to begin work.

36. Upon her leaving Defendant's employ in or around May 2016, Plaintiff's fingerprints and biometric information Defendant collected was no longer necessary in order for her to "clock" in or out of work at Defendant's facility.

37. Defendant, however, did not permanently destroy Plaintiff's fingerprints and biometric information upon her leaving Defendant's employ in or around May 2016.

38. Plaintiff never consented, agreed or gave permission—written or otherwise—to Defendant for the collection, storage, disclosure, or redisclosure of her unique biometric identifiers or biometric information.

39. Further, Defendant never provided Plaintiff with, nor did she ever sign, a written release allowing Defendant to collect, store, or use her unique biometric identifiers or biometric information.

8

40. Likewise, Defendant never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of her unique biometric identifiers and/or biometric information.

41. Defendant did not obtain Plaintiff's prior informed consent to disclose or redisclose her biometric identifiers or biometric information.

42. By collecting, storing, using, and disclosing Plaintiff's unique biometric identifiers and biometric information without her consent, written or otherwise, Defendant invaded Plaintiff's statutorily-protected right to privacy in and control over her biometrics.

43. Finally, Defendant never provided Plaintiff with a retention schedule and/or guideline for permanently destroying her biometric identifiers and/or biometric information.

## COUNT I – FOR DAMAGES AGAINST DEFENDANT
## VIOLATION OF 740 ILCS 14/15(a) – FAILURE TO INSTITUTE, MAINTAIN, AND ADHERE TO PUBLICLY AVAILABLE RETENTION SCHEDULE

44. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

45. BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/15(a).

46. Defendant failed to comply with either of these BIPA mandates.

47. Defendant is a company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

.

48. Plaintiff is an individual who had her "biometric identifiers" and/or "biometric information" possessed by Defendant, as explained in detail in above. *See* 740 ILCS 14/10.

49. Plaintiff's biometric identifiers and/or biometric information were used to identify Plaintiff and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

50. Defendant failed to provide a publicly-available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS 14/15(a).

51. Upon information and belief, Defendant lacked retention schedules and guidelines for permanently destroying Plaintiff's and the Class's biometric data.

52. Defendant did not permanently destroy Plaintiff's biometric identifiers and biometric information within the required timeframe. *See* 740 ILCS 14/15(a).

53. By failing to destroy Plaintiff's biometric identifiers and biometric information, Defendant unlawfully retained her Biometrics.

54. On behalf of herself, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff by requiring Defendant to comply with BIPA's requirements for the storage and permanent destruction of Plaintiff's biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

202436_3

## COUNT II – FOR DAMAGES AGAINST DEFENDANT
### VIOLATION OF 740 ILCS 14/15(b) – FAILURE TO OBTAIN INFORMED WRITTEN CONSENT AND RELEASE BEFORE OBTAINING BIOMETRIC IDENTIFIERS OR INFORMATION

55. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

56. BIPA requires companies to obtain informed written consent from employees before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; **and** (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS 14/15(b) (emphasis added).

57. Defendant failed to comply with these BIPA mandates.

58. Defendant is a company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

59. Plaintiff is an individual who have had her "biometric identifiers" and/or "biometric information" collected and/or captured by Defendant, as explained in detail above. *See* 740 ILCS 14/10.

60. Plaintiff's biometric identifiers and/or biometric information were used to identify her and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

61. Defendant systematically and automatically collected, captured, used, and stored Plaintiff's biometric identifiers and/or biometric information without first obtaining the signed written release from her that is required by 740 ILCS 14/15(b)(3).

11

62. Defendant never informed Plaintiff in writing that her biometric identifiers and/or biometric information were being collected, captured, stored, and/or used, nor did Defendant inform Plaintiff in writing of the specific purpose(s) and length of term for which her biometric identifiers and/or biometric information were being collected, stored, and used as required by 740 ILCS 14/15(b)(1)-(2).

63. By collecting, capturing, storing, and/or using Plaintiff's biometric identifiers and/or biometric information as described herein, Defendant violated Plaintiff's rights to maintain the privacy of and control over her biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq*.

64. On behalf of herself, Plaintiff seeks: (1) declaratory relief; (2) statutory damages of $5,000 for each intentional or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (3) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

### COUNT III – FOR DAMAGES AGAINST DEFENDANT
### VIOLATION OF 740 ILCS 14/15(d) – FAILURE TO OBTAIN INFORMED CONSENT BEFORE DISCLOSING AND REDISCLOSING BIOMETRIC IDENTIFIERS OR INFORMATION

65. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

66. BIPA requires private entities such as Defendant to obtain consent from individuals before disclosing their Biometrics. Specifically, BIPA makes it unlawful for any private entity to "disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless: (1) the subject of the biometric identifier or biometric information or the subject's legally authorized representative consents to the disclosure or redisclosure; (2) the disclosure or redisclosure completes a financial transaction requested or authorized by the subject

of the biometric identifier or the biometric information or the subject's legally authorized representative; (3) the disclosure or redisclosure is required by State or federal law or municipal ordinance; or (4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction." 740 ILCS 14/15(d).

67. Defendant is a company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

68. Plaintiff is an individual whose "biometric identifiers" and "biometric information," as defined by the BIPA—including, without limitation, her fingerprints and related biometric information—were disclosed, redisclosed, and/or otherwise disseminated by Defendant.

69. Plaintiff did not consent to Defendant disclosing, redisclosing, or otherwise disseminating her biometric identifiers and biometric information, nor did her legally authorized representative.

70. The disclosure or redisclosure of Plaintiff's biometric identifiers and biometric information was not to complete a financial transaction she, or her legally-authorized representative, requested or authorized.

71. The disclosure or redisclosure of Plaintiff's biometric identifiers and biometric information was not required by State or federal law or municipal ordinance.

72. The disclosure of Plaintiff's biometric identifiers and biometric information was not required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

73. Defendant violated BIPA by disclosing, redisclosing, and/or otherwise disseminating Plaintiff's biometric identifiers and biometric information without first obtaining her prior informed consent. *See* 740 ILCS 14/15(d).

74. In so doing, Defendant deprived Plaintiff of her statutory right to maintain the privacy of and control over her biometric identifiers and biometric information.

75. Defendant's conduct intentionally or recklessly violated BIPA with respect to Plaintiff.

76. In the alternative, Defendant's conduct negligently violated BIPA with respect to Plaintiff.

77. Accordingly, Plaintiff, on behalf of herself, seeks: (1) declaratory relief; (2) statutory damages of $5,000 for each intentional or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation pursuant to 740 ILCS 14/20(1); and (3) reasonable attorney's fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Oshea Jenkins respectfully requests that this Court enter an Order:

A. Declaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS 14/1, *et seq.*;

B. Awarding statutory damages of $5,000.00 for each and every intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) if the Court finds that Defendant's violations were negligent, to be collected from Defendant's applicable insurance policies;

14

202436_3

C. Awarding Plaintiff her reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3), to be collected from Defendant's applicable insurance policies;

D. Awarding Plaintiff pre- and post-judgment interest, to the extent allowable, to be collected from Defendant's applicable insurance policies; and

E. Awarding such other and further relief as equity and justice may require.

Dated: October 24, 2023

                                              Respectfully submitted,

                                              OSHEA JENKINS, Plaintiff

                                              By: /s/ Keith J. Keogh

                                              Keith J. Keogh
                                              Theodore H. Kuyper
                                              KEOGH LAW, LTD.
                                              55 W. Monroe Street, Suite 3390
                                              Chicago, Illinois 60603
                                              (312) 726-1092
                                              keith@keoghlaw.com
                                              tkuyper@keoghlaw.com

                                              ***Attorneys for Plaintiff***

## **CERTIFICATE OF SERVICE**

I hereby certify that, on October 24, 2023, I caused a copy of the foregoing *Second Amended Complaint* to be served upon all counsel of record via electronic filing using the CM/ECF system.

                                              /s/ Keith J. Keogh