IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OSHEA JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:18-cv-08212 |
| | ) | |
| v. | ) | |
| | ) | Hon. Elaine E. Bucklo |
| REGAL CINEMAS, INC., | ) | |
| | ) | Magistrate Jeffrey Cole |
| Defendant. | ) | |
| | ) | |

**DEFENDANT REGAL CINEMAS' ANSWERS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Regal Cinemas, Inc., ("Regal Cinemas" or "Defendant") answers and objects to the First Set of Interrogatories of Plaintiff Oshea Jenkins ("Jenkins" or "Plaintiff") as follows:

**GENERAL OBJECTIONS**

A. Regal Cinemas objects to Plaintiff's proposed definition of "fingerprint data," and corresponding proposed definition of "finger template," as nonsensical, confusing, and contradictory in that purports to control regardless of the language of 740 ILCS 14/10 and that it purports to include "data or information that is . . . generated, converted, created or constructed, directly or indirectly" from numerous things Plaintiff defines as fingerprint data. Matter "generated, converted, created or constructed" from one item is by definition not the same as the original item. *See, e.g.*, Merriam-Webster Dictionary definition of "convert" as: (a) "to alter the physical or chemical nature or properties of especially in manufacturing," (b) "to change from one form or function to another."

B. Regal Cinemas objects to the interrogatories, including the instructions and definitions therein, to the extent they purport to impose requirements that exceed those imposed by the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Northern District of Illinois.

C. Regal Cinemas objects to the interrogatories, including the instructions and definitions therein, to the extent that they seek production or information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, and/or under any other rules of evidence or civil procedure. Regal Cinemas will not produce such privileged information, and any inadvertent production thereof shall not be deemed a waiver of any privilege, immunity, prohibition or limitation with respect to such information, documents, or any work product doctrine that may attach thereto. Nothing contained in these objections is intended as, or shall in any way be deemed, a waiver of any attorney-client privilege, attorney work-product doctrine or any other applicable privilege, immunity, prohibition or limitation.

  D. Regal Cinemas objects to the interrogatories, including the instructions and definitions therein, to the extent that they seek information that is equally available to Plaintiff.

  E. Regal Cinemas objects to the interrogatories, including the instructions and definitions therein, to the extent that they are overly broad as to time and scope, or are unduly burdensome, oppressive or harassing.

  F. Regal Cinemas objects to the interrogatories, including the instructions and definitions therein, to the extent they seek confidential, private, financial, commercial, competitive, or proprietary company information, information that may qualify for trade secret protection, and/or information the disclosure of which could be harmful to Regal Cinemas or its current and/or former employees.

  G. Regal Cinemas objects to the interrogatories, including the instructions and definitions therein, to the extent that they are vague, ambiguous and/or unintelligible, requiring Regal Cinemas to speculate as to what information is being requested.

  H. Regal Cinemas objects to the interrogatories, including the instructions and definitions therein, to the extent they seek information that is not in Regal Cinemas' custody or control, or attempt to broaden the definition of "custody and control" beyond that required by law.

  I. Regal Cinemas objects to the interrogatories, including the instructions and definitions therein, in their entirety to the extent that they are unduly burdensome and oppressive, voluminous, irrelevant, overlapping, repetitious, and redundant.

  J. Regal Cinemas objects to the interrogatories, including the instructions and definitions therein, to the extent that they are a "fishing expedition," without justification or foundation.

  K. Regal Cinemas objects to the interrogatories because, especially with their many subparts, they far exceed the maximum number of interrogatories permitted by the Federal Rules of Civil Procedure (25, including all discrete subparts). Regal Cinemas' answers herein do not waive objections as to the number of interrogatories and corresponding burden imposed. Regal also reserves the right to object to the service of any additional interrogatories.

  L. Regal Cinemas objects to the interrogatories, including the instructions and definitions therein, to the extent they call for information and/or documentation that is irrelevant to the subject matter of this action, overly broad, unduly burdensome, harassing and/or disproportional to the needs of the case, considering that the burden and expense of gathering potentially responsive information or documents outweigh any potential benefit.

  M. By providing these answers, Regal Cinemas does not admit that such information is relevant or admissible in this or any other action. Regal Cinemas reserves all of its relevancy and admissibility objections at any hearing, trial, or other proceeding. Regal Cinemas also reserves the right to object to further inquiry into any subject matter.

N.      Regal Cinemas' answers to the interrogatories are based on its own present knowledge, information and belief. Regal Cinemas' answers are at all times subject to such additional or different information that discovery or further investigation may disclose. Regal Cinemas reserves the right to supplement or amend its answers and objections, upon, among other things, discovery of additional facts and materials and other developments or proceedings in this matter. Regal Cinemas reserves the right to make use of, or introduce at any hearing or at trial, materials responsive to these interrogatories discovered subsequent to the date of the initial response to these interrogatories.

O.      Regal Cinemas objects to the interrogatories to the extent they call for answers that are better suited for a deposition.

P.      Regal Cinemas objects to the interrogatories to the extent they use the terms "each," "any" or "all" because these terms are overly broad and not proportional to the needs of the case considering that the burden and expense of gathering potentially responsive information outweigh any potential benefit. Even after a diligent search, it is impossible for Regal Cinemas to represent that it has identified "each," "any" and "all" answers.

Q.      Each of the foregoing General Objections shall be deemed incorporated into each and every answer to these interrogatories as if repeated in the text of the answer. No specific answer hereafter is to be construed as a waiver of any of the foregoing General Objections.

R.      Regal Cinemas objects to Plaintiff's service of discovery in advance of its answering the Complaint, and Regal Cinemas reserves the right to amend or supplement its responses as appropriate. Regal Cinemas' investigation continues.

S.      Regal Cinemas objects to Plaintiff's interrogatories because Regal Cinemas did not collect, capture, store, possess, purchase, use or disclose Biometric Identifiers or Biometric Information as defined by the Biometric Information Privacy Act ("BIPA").

T.      Regal Cinemas objects to Plaintiff's interrogatories to the extent they assume as a premise that Regal Cinemas disclosed, redisclosed, disseminated, transferred, and/or transmitted to a third-party Plaintiff's biometric identifiers and/or biometric information, which Regal Cinemas denies.

## ANSWERS TO INTERROGATORIES

1.      Identify each person consulted and document reviewed by Regal in connection with responding to these Interrogatories.

**ANSWER:**     Regal Cinemas objects to this interrogatory to the extent that it seeks information that is protected by the attorney-client privilege and/or the work product doctrine, and because it includes within its scope a request for information that is neither relevant to the claims or defenses nor proportional to the needs of the case. Subject to and without waiving these objections or its

3

Director of Customer Success
Kronos, Incorporated
900 Chelmsford Street
Lowell, MA 01851

Mr. Lhotka has knowledge regarding Regal Cinemas' use, disabling of biometric capabilities, and discontinuance of Kronos's biometric timekeeping system, and Regal Cinemas' destruction of employee finger scan data, *i.e.*, mathematical templates.

**Bejamin Spradlin**
*former* Lead Application Analyst, Information Technology
c/o Anne Larson and Sam Sedaei
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
155 North Wacker Drive, Chicago, Illinois 60606
Telephone: (312) 558-1220
*anne.larson@ogletreedeakins.com*
*sam.sedaei@ogletreedeakins.com*

Mr. Spradlin has knowledge regarding Regal Cinemas' use, disabling of biometric capabilities, and discontinuance of Kronos's biometric timekeeping system, and Regal Cinemas' destruction of employee finger scan data, *i.e.*, mathematical templates. Mr. Spradlin is only to be contacted through counsel for Regal Cinemas.

  3. State the manufacturer name and exact model number of each Time Clock Regal used to record Plaintiff's time and/or attendance between Jan. 1, 2014 and the present.

**ANSWER:** Regal Cinemas objects to this interrogatory as calling for information already in Plaintiff's possession and thus unduly burdensome and disproportionate to the needs of the case. Subject to and without waiving these objections or its General Objections, Regal Cinemas made a Kronos InTouch 9100 time clock available for use at its Webster Place location during Plaintiff's employment, which Plaintiff chose to do.

  4. With respect to each Time Clock responsive to Interrogatory No. 3, state the total number of times Plaintiff used it and the date and time of each use.

**ANSWER:** Regal Cinemas objects to this interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case. Subject to and without waiving these objections or its General Objections, pursuant to Federal Rule of Civil Procedure 33(d), Regal Cinemas refers Plaintiff to documents produced in response to Plaintiff's Document Request No. 3.

5. State the date range of Plaintiff's employment with Regal, including the first date on which she used a Time Clock (as part of her "onboarding" process or employment with Regal), the date on which her employment began, and the date on which her employment ended.

**ANSWER:** Regal Cinemas objects to this interrogatory to the extent that it assumes that Plaintiff's use of a "Time Clock," as Plaintiff defines it, was mandated by her onboarding process or employment with Regal Cinemas, which Regal Cinemas denies. Subject to and without waiving these objections or its General Objections, Plaintiff was employed by Regal Cinemas from December 12, 2014 until May 26, 2018, when Plaintiff resigned without notice. Answering further, pursuant to Federal Rule of Civil Procedure 33(d), Regal Cinemas refers Plaintiff to documents produced in response to Plaintiff's Document Request No. 3.

6. Describe with specificity <u>each</u> location in which Plaintiff's fingerprint data, Finger Templates, biometric identifiers, and/or biometric information was ever stored, and with respect to each such location, identify who controls it.

**ANSWER:** Regal Cinemas objects to this interrogatory because Plaintiff has created and defined her own self-serving, confusing, and nonsensical terms ("fingerprint data" and "Finger Templates") to ascertain what is covered by BIPA, rather than simply using BIPA's defined terms (biometric identifier and biometric information). Plaintiff's terms are further self-serving and confusing by assuming as their premise that the finger scan data or mathematical templates collected by Regal are biometric identifiers or biometric information under BIPA, which Regal Cinemas denies. Subject to and without waiving these objections or its General Objections, Regal Cinemas refers Plaintiff to Kronos, Incorporated's Responses to Pl's Second Subpoena for Production of Documents, General Objections and Definitions which states in pertinent part: "[T]he timekeeping units detect unique characteristic points from a finger scan. Those points are then converted by an algorithm to create a unique mathematical template for each employee. No finger scan and no image associated with it is stored or kept as part of the process. Further, the technology does not utilize 'fingerprints' as used in BIPA." Answering further, Regal Cinemas

7

states that it housed Plaintiff's mathematical template in Regal Cinemas' server during her employment.

7. With respect to <u>each</u> location responsive to Interrogatory No. 6, state the date(s) on which Plaintiff's fingerprint data, Finger Templates, biometric identifiers, and/or biometric information were permanently destroyed from that location, identify all persons involved in the destruction, and describe each person's role in the destruction.

**ANSWER:** Regal Cinemas objects to this interrogatory because Plaintiff has created and defined her own self-serving, confusing, and nonsensical terms ("fingerprint data" and "Finger Templates") to ascertain what is covered by BIPA, rather than simply using BIPA's defined terms (biometric identifier and biometric information). Plaintiff's terms are further self-serving and confusing by assuming as their premise that the finger scan data or mathematical templates collected by Regal are biometric identifiers or biometric information under BIPA, which Regal Cinemas denies. Regal Cinemas further objects to this interrogatory and each of its subparts as overbroad, unduly burdensome, disproportionate to the needs of the case, and improperly seeking to exceed the permissible number of interrogatories permitted by Federal Rule of Civil Procedure 33 without leave of court. Subject to and without waiving these objections or its General Objections, Regal Cinemas states that mathematical templates are commonly deleted in one of the following ways: (1) by clicking the "Delete Biometric Data" tab for that employee in People Editor; (2) un-enrolling the employee at a time clock through various commands and data input; or (3) running a script that deletes all existing templates from the server or cloud that houses them. Kronos provided Regal Cinemas with queries or scripts to run to delete permanently all mathematical templates associated with its time clocks and Regal Cinemas implemented those steps nationwide. To the extent that Plaintiff's mathematical template had not already been deleted, it was deleted during Regal Cinemas' nationwide process of removing biometric capabilities and deleting mathematical templates that began no later than February 15, 2018, and was completed by June 12,

2018. Pursuant to Federal Rule of Civil Procedure 33(d), Regal Cinemas additionally refers Plaintiff to the document it previously produced at REGALCINEMAS029, confirming the destruction of Plaintiff's mathematical template, and to documents produced in response to Plaintiff's Document Request No. 9.

8. Do you contend that Regal received a written release executed by Plaintiff (or her legally authorized representative) consenting to the collection, storage, and/or use of her fingerprint data, Finger Templates, biometric identifiers, and/or biometric information? If so, then please: (a) identify the person who executed the release and describe how the person executed it (*e.g.* using an ink signature or by clicking an icon, what the icon said); (b) identify the release; and (c) specifically identify all evidence that supports your contention including the Bates numbers of all documentary evidence.

**ANSWER:** Regal Cinemas objects to this interrogatory because Plaintiff has created and defined her own self-serving, confusing, and nonsensical terms ("fingerprint data" and "Finger Templates") to ascertain what is covered by BIPA, rather than simply using BIPA's defined terms (biometric identifier and biometric information). Plaintiff's terms are further self-serving and confusing by assuming as their premise that the finger scan data or mathematical templates collected by Regal are biometric identifiers or biometric information under BIPA, which Regal Cinemas denies. Regal Cinemas further objects to this interrogatory and each of its subparts as overbroad, unduly burdensome, disproportionate to the needs of the case, and improperly seeking to exceed the permissible number of interrogatories permitted by Federal Rule of Civil Procedure 33 without leave of court. Subject to and without waiving these objections or its General Objections, Regal Cinemas states that it provides information regarding its timekeeping systems as part of its onboarding process. Some employees did not use the finger scan capabilities of the Kronos time clocks, but after explanation of its purpose (using a finger scan to record time worked and prevent punching for others), Plaintiff knowingly and voluntarily chose to do so and continued to do so throughout her employment without complaint or objection. *See, e.g.*, *Howe v. Speedway LLC*, No. 17 C 7303, 2018 WL 2445541, at *6 (N.D. Ill. May 31, 2018).

9. Did Regal inform Plaintiff (or her legally authorized representative) in writing that Plaintiff's fingerprint data, Finger Templates, biometric identifiers, and/or biometric information were being collected, stored, or used, and/or of the specific purpose and period of time for which Plaintiff's fingerprint data, Finger Templates, biometric identifiers, and/or biometric information were being collected, stored, and used? If so, then please state the exact content of the disclosure(s), identify the person Regal so informed, state the date on which Regal so informed that person, and specifically identify all evidence reflecting or supporting that Regal so informed that person including the Bates numbers of all documentary evidence.

**ANSWER:** Regal Cinemas objects to this interrogatory because Plaintiff has created and defined her own self-serving, confusing, and nonsensical terms ("fingerprint data" and "Finger Templates") to ascertain what is covered by BIPA, rather than simply using BIPA's defined terms (biometric identifier and biometric information). Plaintiff's terms are further self-serving and confusing by assuming as their premise that the finger scan data or mathematical templates collected by Regal are biometric identifiers or biometric information under BIPA, which Regal Cinemas denies. Regal Cinemas further objects to this interrogatory and each of its subparts as overbroad, unduly burdensome, disproportionate to the needs of the case, and improperly seeking to exceed the permissible number of interrogatories permitted by Federal Rule of Civil Procedure 33 without leave of court. Subject to and without waiving these objections or its General Objections, Regal Cinemas states that it provides information regarding its timekeeping systems as part of its onboarding process. Some employees did not use the finger scan capabilities of the Kronos time clocks, but after explanation of its purpose (using a finger scan to record time worked and prevent punching for others), Plaintiff knowingly and voluntarily chose to do so and continued to do so throughout her employment without complaint or objection. *See, e.g.*, *Howe v. Speedway LLC*, No. 17 C 7303, 2018 WL 2445541, at *6 (N.D. Ill. May 31, 2018).

10. Did Regal inform Plaintiff (or her legally authorized representative) that Plaintiff's fingerprint data, Finger Templates, biometric identifiers, and/or biometric information would be disclosed, redisclosed, disseminated, transferred, and/or transmitted to Kronos or any other third-party? If so, then please state the exact content of the disclosure(s), identify the person Regal so informed, describe the manner in which Regal so informed the person, and specifically identify all

10

evidence reflecting or supporting that Regal so informed that person including the Bates numbers of all documentary evidence.

**ANSWER:** Regal Cinemas objects to this interrogatory because Plaintiff has created and defined her own self-serving, confusing, and nonsensical terms ("fingerprint data" and "Finger Templates") to ascertain what is covered by BIPA, rather than simply using BIPA's defined terms (biometric identifier and biometric information). Regal Cinemas additionally objects to this interrogatory because it assumes as its premise that Regal Cinemas disclosed, redisclosed, disseminated, transferred, and/or transmitted to a third-party Plaintiff's biometric identifiers and/or biometric information, which Regal Cinemas denies. Regal Cinemas further objects to this interrogatory and each of its subparts as overbroad, unduly burdensome, disproportionate to the needs of the case, and improperly seeking to exceed the permissible number of interrogatories permitted by Federal Rule of Civil Procedure 33 without leave of court. Subject to and without waiving these objections or its General Objections, Regal Cinemas states that it provides information regarding its timekeeping systems as part of its onboarding process. Some employees did not use the finger scan capabilities of the Kronos time clocks, but after explanation of its purpose (using a finger scan to record time worked and prevent punching for others), Plaintiff knowingly and voluntarily chose to do so and continued to do so throughout her employment without complaint or objection. *See, e.g.*, *Howe v. Speedway LLC*, No. 17 C 7303, 2018 WL 2445541, at *6 (N.D. Ill. May 31, 2018). Moreover, Regal Cinemas housed Plaintiff's mathematical template in Regal Cinemas' server during her employment.

11. Do you contend that Plaintiff (or her legally authorized representative) consented to the disclosure, redisclosure, dissemination, transfer and/or transmission to Kronos or any other third-party of Plaintiff's fingerprint data, Finger Templates, biometric identifiers, and/or biometric information? If so, then please: (a) identify the person who consented; (b) state the date on which the person so consented; (c) describe in detail how the person so consented; and (d) specifically identify all evidence that supports your contention including the Bates numbers of all documentary evidence.

11

**ANSWER:** Regal Cinemas objects to this interrogatory because Plaintiff has created and defined her own self-serving, confusing, and nonsensical terms ("fingerprint data" and "Finger Templates") to ascertain what is covered by BIPA, rather than simply using BIPA's defined terms (biometric identifier and biometric information). Regal Cinemas additionally objects to this interrogatory because it assumes as its premise that Regal Cinemas disclosed, redisclosed, disseminated, transferred, and/or transmitted to a third-party Plaintiff's biometric identifiers and/or biometric information, which Regal Cinemas denies. Regal Cinemas further objects to this interrogatory and each of its subparts as overbroad, unduly burdensome, disproportionate to the needs of the case, and improperly seeking to exceed the permissible number of interrogatories permitted by Federal Rule of Civil Procedure 33 without leave of court. Subject to and without waiving these objections or its General Objections, Regal Cinemas states that it provides information regarding its timekeeping systems as part of its onboarding process. Some employees did not use the finger scan capabilities of the Kronos time clocks, but after explanation of its purpose (using a finger scan to record time worked and prevent punching for others), Plaintiff knowingly and voluntarily chose to do so and continued to do so throughout her employment without complaint or objection. *See, e.g.*, *Howe v. Speedway LLC*, No. 17 C 7303, 2018 WL 2445541, at *6 (N.D. Ill. May 31, 2018). Moreover, Regal Cinemas housed Plaintiff's mathematical template in Regal Cinemas' server during her employment.

12. Identify and describe in detail the substance of each publicly-available written policy Regal had in effect at any time since December 1, 2014 establishing a retention schedule and guidelines for permanently destroying biometric identifiers, biometric information, fingerprint data, and/or Finger Templates. For each such policy, please: (a) state the date range during which it was in effect and available to the public; and (b) describe with specificity how the public was able to obtain a copy of it.

**ANSWER:** Regal Cinemas objects to this interrogatory because Plaintiff has created and defined her own self-serving, confusing, and nonsensical terms ("fingerprint data" and "Finger

Templates") to ascertain what is covered by BIPA, rather than simply using BIPA's defined terms (biometric identifier and biometric information). Plaintiff's terms are further self-serving and confusing by assuming as their premise that the finger scan data or mathematical templates collected by Regal are biometric identifiers or biometric information under BIPA, which Regal Cinemas denies. Regal Cinemas further objects to this interrogatory and each of its subparts as overbroad, unduly burdensome, disproportionate to the needs of the case, and improperly seeking to exceed the permissible number of interrogatories permitted by Federal Rule of Civil Procedure 33 without leave of court. Subject to and without waiving its objections, Regal Cinemas states that it provides information regarding its timekeeping systems as part of its onboarding process. Some employees did not use the finger scan capabilities of the Kronos time clocks, but after explanation of its purpose (using a finger scan to record time worked and prevent punching for others), Plaintiff knowingly and voluntarily chose to do so and continued to do so throughout her employment without complaint or objection. *See, e.g.*, *Howe v. Speedway LLC*, No. 17 C 7303, 2018 WL 2445541, at *6 (N.D. Ill. May 31, 2018). Moreover, given Regal Cinemas' destruction of Plaintiff's mathematical template, any Section 15(a) claim arising from Plaintiff's initial use of the Kronos InTouch 9100 time clock has long since expired. *See, e.g., Horn v. Method Products, PBC*, No. 21 C 5621, 2022 WL 1090887, *4 (N.D. Ill. April 12, 2022); *Meegan v. NFI Indus., Inc.*, No. 20 C 465, 2020 WL 3000281, *2 (N.D. Ill. June 4, 2020).

13. With respect to <u>each</u> Time Clock responsive to Interrogatory No. 3, describe in detail each action Regal took to comply with BIPA, and for each action, state the applicable date(s), identify all persons involved, and identify all documents that support your answer including the Bates numbers of all documentary evidence.

**ANSWER:** Regal Cinemas objects to this interrogatory because it seeks information that is protected by the attorney-client privilege and/or the work product doctrine. Regal Cinemas further objects to this interrogatory and each of its subparts as unworkably overbroad, unduly burdensome,

13

16. Identify each person (including employees of Regal and third-parties) involved in receiving or storing Plaintiff's fingerprint data, Finger Template(s), biometric identifier(s), and/or biometric information, and with respect to <u>each</u> such person, describe what his or her involvement entailed.

**ANSWER:** Regal Cinemas objects to this interrogatory because Plaintiff has created and defined her own self-serving, confusing, and nonsensical terms ("fingerprint data" and "Finger Templates") to ascertain what is covered by BIPA, rather than simply using BIPA's defined terms (biometric identifier and biometric information). Plaintiff's terms are further self-serving and confusing by assuming as their premise that the finger scan data or mathematical templates collected by Regal are biometric identifiers or biometric information under BIPA, which Regal Cinemas denies. Subject to and without waiving these objections or its General Objections, Regal Cinemas states that it is not aware of any person receiving or storing Plaintiff's biometric identifiers and/or biometric information. A supervisor would have assisted Plaintiff when she enrolled in the Kronos time clock when hired. However, almost 10 years have passed since Plaintiff's 2014 hire such that Regal cannot identify that person. Investigation continues.

Dated: March 15, 2024　　　　　　　　　　By:　/s/ Anne E. Larson
　　　　　　　　　　　　　　　　　　　　　　　One of the Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　　　**Regal Cinemas, Inc.**

Anne E. Larson (ARDC No. 6200481)
Sam Sedaei (ARDC No. 6317657)
**OGLETREE, DEAKINS, NASH, SMOAK &
　STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1220
Facsimile: 312.807.3619
*anne.larson@ogletree.com*
*sam.sedaei@ogletree.com*

## **VERIFICATION**

Under penalty of perjury, pursuant to 28 U.S.C. § 1746, the undersigned declares that he has read the forgoing *Defendant's Answers to Plaintiff's First Set of Interrogatories* and that he knows the content thereof; that the answers fully answer the interrogatories except to the extent that Defendant has raised objections; that the answers were prepared with the advice and assistance of counsel on which he relied; that the answers are limited to records and information still in existence, presently recollected and currently available; consequently, that the undersigned reserves the right to supplement these answers if it appears that errors have been made or more accurate information is available. Subject to the limitations set forth herein, the answers are true and correct to the best of the undersigned's knowledge, information, and belief.

By: _____
Name: Joseph A Malone
Date: 3-15-2024

60771136.v2-OGLETREE

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on March 15, 2024, the foregoing ***Defendant's Answers to Plaintiff's First Set of Interrogatories*** was served via email on:

> Keith J. Keogh
> Theodore H. Kuyper
> Keogh Law, Ltd.
> 55 West Monroe Street
> Suite 3390
> Chicago, Illinois 60603
> *keith@keoghlaw.com*
> *tkuyper@keoghlaw.com*
>
> ***Attorneys for Plaintiff***

/s/ Anne E. Larson
One of the Attorneys for Defendant
**Regal Cinemas, Inc.**