**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| OSHEA JENKINS, | ) | |
| | ) | No. 1:20-cv-03782 |
| Plaintiff, | ) | |
| v. | ) | Honorable Elaine E. Bucklo |
| | ) | |
| REGAL CINEMAS, INC., | ) | Magistrate Jeffrey Cole |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND DOCUMENT REQUESTS TO DEFENDANT**

Pursuant Federal Rules of Civil Procedure 26, 33 and 34, Plaintiff Oshea Jenkins ("Plaintiff"), propounds the following Interrogatories upon Defendant, Regal Cinemas, Inc. ("Regal" or "Defendant"), to be answered fully and separately in writing under oath, and requests that Defendant produce copies of the following documents, within thirty (30) days from the date of service.

**DEFINITIONS & INSTRUCTIONS**

1. The time frame covered by these requests shall be December 1, 2014 to the present, unless otherwise indicated by a particular topic or request.

2. "Document" means all things discoverable as a document under the law, including communications (as defined below) and all forms of electronically-stored information ("ESI") in any medium, such as emails, word-processing files, database tables, database files and information, spreadsheets, PDFs, digital images, digital audio files, and documentary evidence.

3. "Communication" means or refers to (whether oral, written, on the Internet, face-to-face or otherwise) any disclosure, transfer or exchange of information, or attempt thereof, including but not limited to all electronic mail, correspondence, letters, statements, inquiries,

205940

discussions, conversations, negotiations, proposals, agreements, understandings, memos, meetings, presentations, telephone conversations, text messages, notes, telegrams, recordings, advertisements, weblogs ("blogs"), and Internet postings.

4. "Regal," "you," "your" and "Defendant" shall refer to Defendant Regal Cinemas, Inc. as well as its subsidiaries, affiliates, merged or acquired predecessors, agents, employees, attorneys, independent contractors and anyone else acting on its behalf. Likewise, references to any other person or entity include the person's/entity's agents, employees, attorneys, anyone else acting on that person's/entity's behalf and, in the case of an entity, its subsidiaries, affiliates, and merged or acquired predecessors.

5. The connectives "and/or," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request all responses, documents, and information that might otherwise be construed to be outside of its scope.

6. The term "including" means "including, but not limited to," and it shall not be construed in a way that limits the scope of a request or excludes documents or information that might otherwise be construed as being within the scope of a request.

7. "BIPA" means the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.

8. "Biometric Identifier" means the same thing as the definition of that phrase in BIPA 740 ILCS 14/10.

9. "Biometric Information" means the same thing as the definition of that phrase in BIPA 740 ILCS 14/10.

10. "Time Clock" means a device for clocking in and out of work that involves pressing all or part of a person's finger(s) onto or into the device, and includes all software and hardware

components of the timekeeping system.

11. The phrase "fingerprint data" means—irrespective of whether, how or where it is stored, and even if it is ephemeral—data that constitutes or reflects any: **(A)** data obtained, captured, collected, and/or acquired as a result of a person placing his or her finger(s) into or onto a Time Clock (as defined above), including without limitation a fingerprint, a scan of any portion of a finger, any measurement of the finger/fingertip ridges or the spatial relationship between other finger/fingertip characteristics; **(B)** data obtained, captured, collected, and/or acquired from any part of a person's finger(s) in connection with a Time Clock being used; **(C)** scan, template, recording, or image of any part of a person's finger(s); or **(D)** any data or information that is based on or extracted, detected, derived, obtained, generated, converted, created or constructed, directly or indirectly, from any part of a person's finger(s), and/or anything listed in subsections A, B, or C, including without limitation any template or hash. The phrase "fingerprint data" shall include both the original and all copies, digital and otherwise, of anything described in the foregoing sentence. This definition shall apply irrespective of whether you believe or dispute that the data or information the definition describes constitutes a "biometric identifier" or "biometric information" as defined in 740 ILCS 14/10.

12. "Finger Template" means any fingerprint data (as defined above) and/or any derivative thereof (including without limitation any mathematical template or hash) that is stored or used, directly or indirectly, to identify or confirm the identity of a person using a Time Clock (as defined above). The phrase "Finger Template" shall include both the original and all copies, digital and otherwise, of anything described in the foregoing sentence. This definition shall apply irrespective of whether you believe or dispute that the data or information the definition describes constitutes a "biometric identifier" or "biometric information" as defined in 740 ILCS 14/10.

3

OSHEA JENKINS, Plaintiff

By:  /s/ Theodore H. Kuyper
Keith J. Keogh
Theodore H. Kuyper
KEOGH LAW, LTD.
55 W. Monroe Street, Suite 3390
Chicago, Illinois 60603
(312) 726-1092
keith@keoghlaw.com
tkuyper@keoghlaw.com

***Attorneys for Plaintiff***

15

205940

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on January 5, 2024, I caused a true and correct copy of the foregoing *Plaintiff's First Set of Interrogatories and Document Requests to Defendant* to be served upon the following via Email:

      Anne E. Larson (anne.larson@ogletree.com)
      OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
      155 N. Wacker Drive, Suite 4300
      Chicago, Illinois 60606

                                              /s/ Theodore H. Kuyper

205940