IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OSHEA JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:18-cv-08212 |
| | ) | |
| v. | ) | |
| | ) | Hon. Elaine E. Bucklo |
| REGAL CINEMAS, INC., | ) | |
| | ) | Magistrate Jeffrey Cole |
| Defendant. | ) | |
| | ) | |

**DEFENDANT REGAL CINAMAS' RESPONSES
TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS**

Regal Cinemas, Inc. ("Regal Cinemas" or "Defendant") responds and objects to Document Requests of Plaintiff Oshea Jenkins ("Jenkins" or "Plaintiff") as follows:

**GENERAL OBJECTIONS**

A.  Regal Cinemas objects to Plaintiff's proposed definition of "fingerprint data," and corresponding proposed definition of "finger template," as nonsensical, confusing, and contradictory in that purports to control regardless of the language of 740 ILCS 14/10 and that it purports to include "data or information that is . . . generated, converted, created or constructed, directly or indirectly" from numerous things Plaintiff defines as fingerprint data. Matter "generated, converted, created or constructed" from one item is by definition not the same as the original item. See, e.g., Merriam-Webster Dictionary definition of "convert" as: (a) "to alter the physical or chemical nature or properties of especially in manufacturing," (b) "to change from one form or function to another."

B.  Regal Cinemas objects to the document requests, including the instructions and definitions therein, to the extent they purport to impose requirements that exceed those imposed by the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Northern District of Illinois.

C.  Regal Cinemas objects to the document requests, including the instructions and definitions therein, to the extent that they seek production or information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or under any other rules of evidence or civil procedure. Regal Cinemas will not produce such privileged information, and any inadvertent production thereof shall not be deemed a waiver of any privilege, immunity, prohibition or limitation with respect to such information, documents, or any work product doctrine that may attach thereto. Nothing contained in these objections is intended as, or shall in any way be deemed, a waiver of any attorney-client privilege, attorney work-product doctrine or any other applicable privilege, immunity, prohibition or limitation.

D.   Regal Cinemas objects to the document requests, including the instructions and definitions therein, to the extent that they seek information that is equally available to Plaintiff.

E.   Regal Cinemas objects to the document requests, including the instructions and definitions therein, to the extent that they are overly broad as to time and scope, or are unduly burdensome, oppressive or harassing.

F.   Regal Cinemas objects to the document requests, including the instructions and definitions therein, to the extent they seek confidential, private, financial, commercial, competitive, or proprietary company information, information that may qualify for trade secret protection, and/or information the disclosure of which could be harmful to Regal Cinemas or its current and/or former employees.

G.   Regal Cinemas objects to the document requests, including the instructions and definitions therein, to the extent that they are vague, ambiguous and/or unintelligible, requiring Regal Cinemas to speculate as to what information is being requested.

H.   Regal Cinemas objects to the document requests, including the instructions and definitions therein, to the extent they seek information that is not in Regal Cinemas' custody or control, or attempt to broaden the definition of "custody and control" beyond that required by law.

I.   Regal Cinemas objects to the document requests, including the instructions and definitions therein, in their entirety to the extent that they are unduly burdensome and oppressive, voluminous, irrelevant, overlapping, repetitious, and redundant.

J.   Regal Cinemas objects to the document requests, including the instructions and definitions therein, to the extent that they are a "fishing expedition," without justification or foundation.

K.   Regal Cinemas objects to the document requests, including the instructions and definitions therein, to the extent they call for information and/or documentation that is irrelevant to the subject matter of this action, overly broad, unduly burdensome, harassing and/or disproportional to the needs of the case, considering that the burden and expense of gathering potentially responsive documents outweigh any potential benefit.

L.   By providing these responses and documents, Regal Cinemas does not admit that such information therein is relevant or admissible in this or any other action. Regal Cinemas reserves all of its relevancy and admissibility objections at any hearing, trial, or other proceeding. Regal Cinemas also reserves the right to object to further inquiry into any subject matter.

M.   Regal Cinemas' responses to the document requests are based on its own present knowledge, information and belief. Regal Cinemas' responses are at all times subject to such additional or different information that discovery or further investigation may disclose. Regal Cinemas reserves the right to supplement or amend its responses and objections, upon, among other things, discovery of additional facts and materials and other developments or proceedings in this matter. Regal Cinemas reserves the right to make use of, or introduce at any hearing or at trial, materials responsive to these document requests discovered subsequent to the date of the initial response to these document requests.

N. Regal Cinemas objects to the document requests to the extent they use the terms "each", "any" or "all" because these terms are overly broad and not proportional to the needs of the case considering that the burden and expense of gathering potentially responsive information outweigh any potential benefit. Even after a diligent search, it is impossible for Regal Cinemas to represent that it has identified "each," "any" and "all" responses and documents.

O. Each of the foregoing General Objections shall be deemed incorporated into each and every response to these document requests as if repeated in the text of the response. No specific answer hereafter is to be construed as a waiver of any of the foregoing General Objections.

P. Regal Cinemas objects to Plaintiff's service of discovery in advance of its answering the Complaint, and Regal Cinemas reserves the right to amend or supplement its responses as appropriate. Regal Cinemas' investigation continues.

Q. Regal Cinemas objects to Plaintiff's service of discovery in advance of its answering the Complaint, and Regal Cinemas reserves the right to amend or supplement its responses as appropriate. Regal Cinemas' investigation continues.

R. Regal Cinemas objects to Plaintiff's document requests because Regal Cinemas did not collect, capture, store, possess, purchase, use or disclose Biometric Identifiers or Biometric Information as defined by the Biometric Information Privacy Act ("BIPA").

S. Regal Cinemas objects to Plaintiff's documents requests to the extent that they assume as a premise that Regal Cinemas disclosed, redisclosed, disseminated, transferred, and/or transmitted to a third-party Plaintiff's biometric identifiers and/or biometric information, which Regal Cinemas denies.

## RESPONSES TO DOCUMENT REQUESTS

1. All documents and ESI that refer or relate to Plaintiff Oshea Jenkins, including but not limited to all fingerprint data, Finger Templates, any information based on or derived from such data, and all other information and data indexed, filed or retrievable under Plaintiff's name, telephone number, or any other number, datum, symbol, designation, code, or identifier (such as a fingerprint, a mathematical template or hash created therfrom, a unique number assigned thereto or to Plaintiff, or a Social Security number) that is assigned to or associated with Plaintiff, her name, or her other identifier.

**RESPONSE:** Regal Cinemas objects to this request because Plaintiff has created and defined her own self-serving, confusing, and nonsensical terms ("fingerprint data" and "Finger Templates") to ascertain what is covered by BIPA, rather than simply using BIPA's defined terms (biometric identifier and biometric information). Regal Cinemas further objects to this request because it is overly broad and unduly burdensome to identify and produce "[a]ll documents and ESI that refer

3

or relate to Plaintiff Oshea Jenkins" regardless of relevance to any party's claims or defenses or proportionality to the needs of the case. Regal Cinemas additionally objects to the extent that this request calls for the disclosure of attorney work product, and documents protected by attorney-client privilege. Subject to and without waiving these objections or its General Objections, responsive documents are produced herewith, Bates stamped REGALCINEMAS056-098 and REGALCINEMAS364-391.

2. Documents and ESI (in native electronic form) sufficient to show the information requested in Plaintiff's Interrogatories, including but not limited to Interrogatory Nos. 3-12.

**RESPONSE:** Regal Cinemas objects to this request because it is confusingly phrased and incomprehensible in its request for "Documents and ESI (in native electronic form) sufficient to show the information requested in Plaintiff's Interrogatories[.]" Regal Cinemas further objects to this request because it is unworkably overbroad and unduly burdensome and because it seeks information that is neither relevant to the claims or defenses nor proportional to the needs of the case. Regal Cinemas additionally objects to this request to the extent that it calls for the disclosure of attorney work product, and documents protected by attorney-client privilege. Subject to and without waiving these objections or its General Objections, relevant and non-privileged documents are produced herewith and referenced in Regal Cinema's answers to Plaintiff's interrogatories.

3. Documents and ESI (in native electronic form) sufficient to show each instance in which Plaintiff used a Time Clock purchased or leased by Regal, the total number of times she used each such Time Clock, and the date and time of each use.

**RESPONSE:** Regal Cinemas objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. Subject to and without waiving these objections or its General Objections, responsive documents are produced herewith, Bates stamped REGALCINEMAS364-391.

4. All documents and communications that constitute, evidence, or reflect you informing Plaintiff (or her legally authorized representative) in writing that Plaintiff's fingerprint

4

data, Finger Templates, biometric identifiers, and/or biometric information were being collected and/or stored.

**RESPONSE:** Regal Cinemas objects to this request because Plaintiff has created and defined her own self-serving, confusing, and nonsensical terms ("fingerprint data" and "Finger Templates") to ascertain what is covered by BIPA, rather than simply using BIPA's defined terms (biometric identifier and biometric information). Plaintiff's terms are further self-serving and confusing by assuming as their premise that the finger scan data or mathematical templates collected by Regal are biometric identifiers or biometric information under BIPA, which Regal Cinemas denies. Regal Cinemas additionally objects to this request because it is overly broad in time and scope, unduly burdensome, and disproportionate to the needs of the case. Subject to and without waiving these objections or its General Objections, Regal Cinemas states that it provided information regarding its timekeeping systems as part of its onboarding process and refers Plaintiff to documents produced by UKG Kronos Systems, LLC, at KRONOS_000533-544, 000981-000982, 001004-001005, 001023-001049, 001094-001123 and 001124-001126 as illustrative of Regal Cinemas' communications.

5. All documents and communications that constitute, evidence, or reflect you informing Plaintiff (or her legally authorized representative) in writing of the specific purpose and period of time for which Plaintiff's fingerprint data, Finger Templates, biometric identifiers, and/or biometric information were being collected, stored, and used.

**RESPONSE:** Regal Cinemas objects to this request because Plaintiff has created and defined her own self-serving, confusing, and nonsensical terms ("fingerprint data" and "Finger Templates") to ascertain what is covered by BIPA, rather than simply using BIPA's defined terms (biometric identifier and biometric information). Plaintiff's terms are further self-serving and confusing by assuming as their premise that the finger scan data or mathematical templates collected by Regal are biometric identifiers or biometric information under BIPA, which Regal Cinemas denies. Regal Cinemas additionally objects to this request because it is overly broad in time and scope, unduly

5

burdensome, and disproportionate to the needs of the case. Subject to and without waiving these objections or its General Objections, Regal Cinemas states that it provided information regarding its timekeeping systems as part of its onboarding process and refers Plaintiff to documents produced by UKG Kronos Systems, LLC, at KRONOS_000533-000544, 000981-000982, 001004-001005, 001023-001049, 001094-001123 and 001124-001126 as illustrative of Regal Cinemas' communications.

6. All documents and communications that constitute, evidence, or reflect any written release you received executed by Plaintiff (or her legally authorized representative) consenting to the collection, storage, and/or use of Plaintiff's fingerprint data, Finger Templates, biometric identifiers, and/or biometric information.

**RESPONSE:** Regal Cinemas objects to this request because Plaintiff has created and defined her own self-serving, confusing, and nonsensical terms ("fingerprint data" and "Finger Templates") to ascertain what is covered by BIPA, rather than simply using BIPA's defined terms (biometric identifier and biometric information). Plaintiff's terms are further self-serving and confusing by assuming as their premise that the finger scan data or mathematical templates collected by Regal are biometric identifiers or biometric information under BIPA, which Regal Cinemas denies. Regal Cinemas additionally objects to this request because it is overly broad in time and scope, unduly burdensome, and disproportionate to the needs of the case. Subject to and without waiving these objections or its General Objections, responsive documents are produced herewith, Bates stamped REGALCINEMAS364-391 which are illustrative of Plaintiff's knowing and voluntary informed consent.

7. Each publicly-available written policy Regal had in effect at any time since December 1, 2014 establishing a retention schedule and guidelines for permanently destroying biometric identifiers, biometric information, fingerprint data, and/or Finger Templates, including documents and communications reflecting the date range during which each policy was in effect and publicly-available, and how the public was able to obtain each policy.

**RESPONSE:** Regal Cinemas objects to this request because Plaintiff has created and defined her own self-serving, confusing, and nonsensical terms ("fingerprint data" and "Finger Templates") to ascertain what is covered by BIPA, rather than simply using BIPA's defined terms (biometric identifier and biometric information). Plaintiff's terms are further self-serving and confusing by assuming as their premise that the finger scan data or mathematical templates collected by Regal are biometric identifiers or biometric information under BIPA, which Regal Cinemas denies. Regal Cinema additionally objects that the request for all "documents and communications reflecting the date range during which each policy was in effect and publicly-available, and how the public was able to obtain each policy" is overly broad in time and scope, unduly burdensome, and disproportionate to the needs of this single plaintiff case. Moreover, given Regal Cinemas' destruction of Plaintiff's mathematical template, any Section 15(a) claim arising from Plaintiff's initial use of the Kronos InTouch 9100 time clock has long since expired. *See, e.g.*, *Horn v. Method Products, PBC*, No. 21 C 5621, 2022 WL 1090887, *4 (N.D. Ill. April 12, 2022); *Meegan v. NFI Indus., Inc.*, No. 20 C 465, 2020 WL 3000281, *2 (N.D. Ill. June 4, 2020). Subject to and without waiving these objections or its General Objections, Regal Cinemas refers Plaintiff to the May 12, 2021 Declaration of Joseph Marlowe, and to documents produced by UKG Kronos Systems, LLC, at KRONOS_000533-544, 000981-000982, 001004-001005, 001023-001049, 001094-001123 and 001124-001126 which are illustrative of Regal Cinemas' policies and practices regarding the retention and destruction of biometric data.

8. All documents and communications that discuss, evidence, or reflect whether or not Regal complied with any publicly-available written policy responsive to Request No. 7 above, including but not limited to documents and communications reflecting the date(s) and manner of compliance.

**RESPONSE:** Regal Cinemas objects that the request for all "documents and communications that discuss, evidence, or reflect whether or not Regal complied with any publicly-available written

policy" as overly broad in time and scope, unduly burdensome, and disproportionate to the needs of this single plaintiff case. Regal Cinemas further objects to this request because it calls for the disclosure of attorney work product, and documents protected by attorney-client privilege. Regal Cinemas objects to this request because Plaintiff has created and defined her own self-serving, confusing, and nonsensical terms ("fingerprint data" and "Finger Templates") to ascertain what is covered by BIPA, rather than simply using BIPA's defined terms (biometric identifier and biometric information). Plaintiff's terms are further self-serving and confusing by assuming as their premise that the finger scan data or mathematical templates collected by Regal are biometric identifiers or biometric information under BIPA, which Regal Cinemas denies. Moreover, given Regal Cinemas' destruction of Plaintiff's mathematical template, any Section 15(a) claim arising from Plaintiff's initial use of the Kronos InTouch 9100 time clock has long since expired. *See, e.g., Horn v. Method Products, PBC*, No. 21 C 5621, 2022 WL 1090887, *4 (N.D. Ill. April 12, 2022); *Meegan v. NFI Indus., Inc.*, No. 20 C 465, 2020 WL 3000281, *2 (N.D. Ill. June 4, 2020). Subject to and without waiving these objections or its General Objections, Regal Cinemas refers Plaintiff to the May 12, 2021 Declaration of Joseph Marlowe, documents previously produced at REGALCINEMAS001-55, and documents produced herewith at REGALCINEMAS303-363.

9. All documents and communications that discuss, evidence, or reflect whether or not Regal permanently destroyed all copies of Plaintiff's fingerprint data, Finger Templates, biometric identifiers, and/or biometric information from each location in which they were stored (including but not limited to each location responsive to Interrogatory No. 6), including but not limited to such materials reflecting the specific date(s) and specific manner of destruction as to each location.

**RESPONSE:** Regal Cinemas objects to this request because Plaintiff has created and defined her own self-serving, confusing, and nonsensical terms ("fingerprint data" and "Finger Templates") to ascertain what is covered by BIPA, rather than simply using BIPA's defined terms (biometric identifier and biometric information). Plaintiff's terms are further self-serving and confusing by

assuming as their premise that the finger scan data or mathematical templates collected by Regal are biometric identifiers or biometric information under BIPA, which Regal Cinemas denies. Regal Cinemas also objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case in that it seeks "all documents and communications that discuss, evidence, or reflect" regardless of relevance or burden. Regal Cinemas additionally objects to the extent that this request calls for the disclosure of attorney work product, and documents protected by attorney-client privilege. Subject to and without waiving these objections or its General Objections, Regal Cinemas Plaintiff to the May 12, 2021 Declaration of Joseph Marlowe and to documents previously produced between March 21, 2021 and May 12, 2021, Bates stamped REGALCINEMAS001-055. The prior production contains the February 2018, and April-June 2018 emails regarding Regal Cinemas' multi-month effort to end use of biometrics, undo the clock's biometric functionality, address ongoing problems disabling the clocks while dealing with heavy customer traffic for *Black Panther*, and Regal Cinemas' final disabling of the clocks and destruction of the templates.

10. A complete copy of each contract and agreement (including all purchase orders, riders, exhibits, addenda, and amendments thereto, statements of work, project plans) related to any Time Clock Regal used to record Plaintiff's time and/or attendance. This Request is not limited in time.

**RESPONSE:** Regal Cinemas objects to this request as overly broad in time and scope, unduly burdensome, and calling for information that is neither relevant to the claims or defenses nor proportional to the needs of this single plaintiff case. Subject to and without waiving these objections or its General Objections, Regal Cinemas refers Plaintiff to documents previously produced at REGALCINEMAS001-07 and documents produced herewith at REGALCINEMAS294-302.

11. All documents that constitute, reflect, discuss, or describe Regal's policies, practices, and procedures for collecting, capturing, recording, obtaining, receiving, handling, storing, sharing, and/or using fingerprint data, Finger Templates, biometric identifiers, and/or biometric information.

9

or its General Objections, Regal Cinemas refers Plaintiff to its prior production of documents and to relevant and non-privileged documents referenced above or produced contemporaneously herewith in response to Plaintiff's other requests.

Dated: March 15, 2024						By:	/s/ Anne E. Larson
									One of the Attorneys for Defendant
									**Regal Cinemas, Inc.**

Anne E. Larson (ARDC No. 6200481)
Sam Sedaei (ARDC No. 6317657)
**OGLETREE, DEAKINS, NASH, SMOAK &
  STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1220
Facsimile:  312.807.3619
*anne.larson@ogletree.com*
*sam.sedaei@ogletree.com*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on March 15, 2024, the foregoing ***Defendant's Responses to Plaintiff's First Set of Document Requests*** was served via email on:

> Keith J. Keogh
> Theodore H. Kuyper
> Keogh Law, Ltd.
> 55 West Monroe Street
> Suite 3390
> Chicago, Illinois 60603
> *keith@keoghlaw.com*
> *tkuyper@keoghlaw.com*
>
> ***Attorneys for Plaintiff***

/s/ Anne E. Larson
One of the Attorneys for Defendant
**Regal Cinemas, Inc.**