## Theodore H. Kuyper

| | |
|---|---|
| **From:** | Theodore H. Kuyper |
| **Sent:** | Monday, July 29, 2024 10:10 AM |
| **To:** | Larson, Anne E. |
| **Cc:** | Sedaei, Sam; Klein, Margot; Keith J. Keogh; Klein, Margot |
| **Subject:** | RE: Jenkins v. Regal - Follow-up re Regal's Discovery Answers and Production [ODNSS-OGL.100843.000005] |
| **Attachments:** | JSR for Bucklo re Settlement Conf (circ.).DOCX |

Anne,

We are working from the same universe of documents, so the notion you need us to send you copies of the documents that suffer from the deficiencies I've identified very specifically (including identifying the specific pages affected by Bates number and original pagination) is clearly a bad-faith delay tactic. Regal has all information needed to "promptly investigate." So please do so.

You've known there were deficiencies in Regal's discovery responses that needed to be addressed since you saw the draft JSR we filed on April 29, and I asked you to provide your availability for a conferral last Wednesday, which is now 5 days ago. The supplemental email I sent last Thursday is very straightforward and "working through" its 4 pages of substance should not take more than 20 minutes—less than the amount of time you spent over the last few days writing unproductive posturing emails. The suggestion you need more time to even schedule a conferral is obviously another effort to delay, particularly when you've found plenty of time to waste on unproductive posturing since Plaintiff requested a conferral. Please provide your availability for the conferral about Regal's discovery deficiencies or Plaintiff will simply note your refusal to confer in her motion.

Along the same line, please let me know when you are available to confer about the 30(b)(6) topics as required.

Finally, I attach a draft JSR that is due today. Please confirm we're authorized to file, or circulate any edits no later than 3:00 p.m. It is only 3 sentences long, so 5 hours should be more than enough time to make any edits.

      Thanks,
      Ted

Theodore H. Kuyper
Keogh Law, Ltd.
55 W. Monroe Street, Suite 3300
Chicago, Illinois 60603
(312) 374-3406 (Direct)
(312) 726-1092 (Main)
(312) 726-1093 (Fax)
www.KeoghLaw.com

PRIVILEGED COMMUNICATION
This email and any attachments may contain confidential material or other matters protected by privilege. Unless you are the addressee (or authorized by the addressee to receive this email for the addressee), you may not copy, use or distribute this email or any attachments. If you received this email in error, please contact the sender.

**From:** Larson, Anne E. <anne.larson@ogletree.com>
**Sent:** Sunday, July 28, 2024 9:27 PM
**To:** Theodore H. Kuyper <Tkuyper@Keoghlaw.com>

**Cc:** Sedaei, Sam <sam.sedaei@ogletreedeakins.com>; Klein, Margot <margot.klein@ogletreedeakins.com>; Keith J. Keogh <keith@keoghlaw.com>; Klein, Margot <margot.klein@ogletreedeakins.com>
**Subject:** Jenkins v. Regal - Follow-up re Regal's Discovery Answers and Production [ODNSS-OGL.100843.000005]

Ted, thank you for your 5-page, single-spaced email re Regal's purported discovery deficiencies, which you sent after-hours on Thursday, July 25. This is the first Regal is hearing of any problems with Regal's March 15 document production, which was 4.5 months ago. For example, you state that some pages are illegible, are missing data, or have arrow/triangle or dialogue-bubble icons. Please scan and email us these pages, so we can promptly investigate. The documents look fine on our end.

As you know, Regal served detailed interrogatory answers, responses to plaintiff's request to produce, and Regal's document production on March 15. Regal's detailed responses set forth the Bates-numbers responsive to each of plaintiff's document requests in compliance with Rule 34. By contrast, plaintiff failed to identify a single document or Bates number responsive to any of Regal's requests to produce. So when Regal has plainly identified what documents are responsive to each request, please identify the case law authority that plaintiff relies on that would require Regal to re-produce its entire document production as a series of separate .pdfs. Please also identify what documents confuse plaintiff as to where the document begins and ends.

It will take my team and I some time to work through all the details in your lengthy correspondence. A call tomorrow, July 29, is not possible; nor would it be productive. We will let you know when we are ready to discuss these issues. Thank you, Anne.

**Anne E. Larson | Ogletree Deakins**
155 North Wacker Drive, Suite 4300 | Chicago, IL 60606 | Telephone: 312-558-1253
anne.larson@ogletree.com | www.ogletree.com | Bio

**From:** Theodore H. Kuyper <Tkuyper@Keoghlaw.com>
**Sent:** Thursday, July 25, 2024 6:08 PM
**To:** Larson, Anne E. <Anne.Larson@ogletreedeakins.com>
**Cc:** Sedaei, Sam <sam.sedaei@ogletreedeakins.com>; Keith J. Keogh <keith@keoghlaw.com>
**Subject:** RE: Jenkins v. Regal - Deficiencies in Regal's Discovery Answers and Production
**Importance:** High

*[Caution: Email received from external source]*

Anne,

I am following up on my email from yesterday regarding deficiencies in Regal's answers to Plaintiff's first set of interrogatories and document requests, and Regal's document production, to provide additional information and again request a conferral to discuss.

**Issues with Documents Regal Produced**

There are various issues with documents Regal has produced. These include the following (the information in subsection (a) of each is either a complete list/description or just examples of the affected documents, as indicated):

1. Each document is not a separate PDF, which leaves Plaintiff to guess where one ends and another begins.

a. Every file Regal produced except Bates # 294-302 and 392-426.
2. Pages containing illegible content (ostensibly due to low-resolution scanning for production).
    a. Bates # 80, 82-83.
3. Missing/un-displayed data in spreadsheet.
    a. All pages from Bates # 367-391 that have arrow/triangle or dialogue-bubble icons (*e.g.* Bates # 376-77).
4. Emails are missing the Date "Sent" information.
    a. *e.g.* Bates #306, 309, 311, 358
5. Emails are missing their attachments.
    a. Bates #307, 328, 338.
6. Regal handbook excerpts that include the wrong pages.
    a. Bates # 138-142 includes handbook pp. 19-20, but what Regal should have (and ostensibly intended to) produce was handbook pp. 27-28.
    b. Bates # 152-158 includes handbook pp. 22-23, but what Regal should have (and ostensibly intended to) produce was handbook pp. 23-24.
    c. Bates # 174-180 includes handbook p. 26, but what Regal should have (and ostensibly intended to) produce was handbook p. 27.
    d. Bates # 209-217 includes handbook pp. 35-36, but what Regal should have (and ostensibly intended to) produce was handbook pp. 25-26.

Please promptly re-do the portions of Regal's document production necessary to correct each of the foregoing issues.


**Facts + Documents Supporting Affirmative Defenses (Interrog. 14; Doc Req 24)**

***Interrogatory 14*** asked Regal—with respect to <u>each</u> of the 26 one-paragraph-long defenses it has asserted—to describe the factual basis for the defense, and identify all documents it contends support the defense.

Regal's answer is deficient because it does not even attempt to provide the information sought—much less do so separately, for each defense—and does not state that there is no factual basis for the defense (*e.g.* because it is a purely legal defense), or that Regal cannot identify any facts or documents supporting the defense. Please provide a <u>narrative</u> answer that does one of those three things.

Along that line, Rule 33(d) is not available because "the burden of deriving or ascertaining the answer" from the 1,937 pages of documents Regal's answer cites is not "substantially the same for either party." Nor could it be as the subject of the Interrogatory is *Regal's* defenses, all of which are bare-bones and just one paragraph long.

Similarly, ***Document Request 24*** seeks all documents that support or form the basis for any of Regal's defenses. But it is unclear from the response whether or not Regal has produced all responsive documents it has.

Please produce all responsive documents in Regal's possession, custody, or control, and provide an amended response that expressly states (using that exact language) Regal has done so.


**Number of Times Π Used the Timeclock (Interrog. 4)**

The answer to Interrogatory 4 attempts to rely on Rule 33(d) by citing Regal's business records. But Rule 33(d) is only available "if the burden of deriving or ascertaining the answer will be substantially the same for either party." Plaintiff has no knowledge regarding the meaning of Regal's business records cited in the answer, or the interplay between the two different types of records cited. Thus, the burden is not the same for both parties, and Rule 33(d) is not available. Please provide a narrative answer.

**Locations Π's Data was Stored (Interrog. 6)**

Regal's answer to Interrogatory 6 states "it housed Plaintiff's mathematical template in Regal Cinemas' server *during her employment*." This is evasive and incomplete because the period covered by the interrogatory extends to the present, yet the answer does not state describe all locations Plaintiff's template was stored after her employment ended on May 26, 2016. Please provide an amended answer that does so and explicitly addresses whether Plaintiff's data was migrated to Kronos' cloud, even if it's via a statement that Regal does not know.

**Destruction of Π's Data (Interrog. 7; Doc Req 9)**

*Interrogatory 7* seeks, as to <u>each</u> location responsive to Interrogatory 6, the date *Plaintiff's* mathematical template was destroyed and the identity of people involved. Thus, Regal's answer about how mathematical templates "are commonly deleted" is non-responsive. Please serve an amended answer that provides the information sought—as to each storage location (*i.e.* Regal's server and Kronos' cloud)—or states Regal does not know when Plaintiff's mathematical template was destroyed.

Similarly, **Document Request 9** seeks documents reflecting whether or not Regal destroyed Plaintiff's data in <u>each</u> storage location, and if so what date that occurred. Regal's response is deficient because the documents and Marlowe Declaration it identifies do not address destruction of the data on Regal's servers (*i.e.* where Regal admits Plaintiff's data was housed), and the Marlowe Declaration only vaguely states Plaintiff's data was destroyed "after her employment ended by one of … three methods" before specifically discussing only the deletion from Kronos' cloud in 2018.

It's clear Regal would have identified in its response and produced documents reflecting deletion of Plaintiff's data from its servers if such documents existed. Given the context, a proper response to Request 9 must make this clear by expressly stating Regal "has produced all responsive documents in its possession, custody, or control." Please provide such a response.

**Compliance with BIPA § 15(b) + § 15(d) (Interrogs. 8-11; Doc Reqs 4-6)**

*Interrogatories 8-11* are contention interrogatories that ask an initial question about compliance with a requirement of §15(b) or (d), followed by an "If so" clause that seeks additional substantive information related to the basis for the contention to the extent the answer to the initial question is "yes."

Regal's answer to each interrogatory is deficient because the answers do not answer the initial question posed—leaving Plaintiff to guess whether Regal maintains the contention which is the subject of each interrogatory—nor do they provide the additional information sought.

Similarly, **Document Requests 4-6** seek, respectively, documents and communications that reflect or constitute *Regal* making the written disclosures to Plaintiff described in BIPA §15(b)(1)-(2) and receiving the signed written release required by §15(b)(3). Regal's response to each request is improper because the documents Regal identifies in each response do not reflect the disclosures and release that are the subject the requests—indeed, those documents were produced by *Kronos*. Please provide amended responses that state Regal does not have any responsive documents.

**Compliance with BIPA § 15(a) (Interrog. 12; Doc Reqs 7-8)**

*Interrogatory 12* asks Regal to identify and describe each publicly-available written §15(a) policy it had, state the date range each policy was in effect and describe how the public could obtain a copy. Regal's "answer" is non-responsive, legal argument, and thus a failure to answer. Please serve an amended answer that either identifies each responsive policy and provides as to each the other information sought, or states Regal had no responsive policies.

Similarly, **Document Requests 7-8** seek, respectively, each publicly-available written §15(a) policy Regal developed that meets the requirements of § 15(a), documents and communications that reflect the date range during which each policy was in effect and publicly-available, and how the public was able to obtain each policy, and whether or not Regal complied with any § 15(a) policy it had.

Regal's response to Request 7 is improper because the documents it identifies—all of which were produced by _Kronos_—plainly do not even constitute a § 15(a) policy much less _Regal's_ § 15(a) policy, which is the only thing the request seeks. Nor do they reflect the date range of any such policy. Please serve an amended response that states Regal does not have a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

Regal's response to Request 8 is necessarily improper because it does not reflect whether or not Regal complied with a written policy it neither produced nor identified in response to Request 7. Since Regal had no written publicly-available § 15(a) policy, the answer to Request 8 must state that Regal does not have any responsive documents. Please provide an amended response so stating.


### People Involved in Receiving + Storing Π's Data **(Interrog. 16)**

Interrogatory 16 seeks the identity of each Regal employee and third-party involved in receiving or storing Plaintiff's data. Regal's answer merely states it cannot identify the _Regal_ employee it believes was involved in receiving Plaintiff's data. Thus, the answer is incomplete and evasive because it does not identify: (1) Regal employees involved in storing Plaintiff's data while it was stored on Regal's servers; and (2) Kronos employees involved in storing Plaintiff's data after the migration. Please provide an amended answer that identifies the Regal and Kronos employes involved in storing Plaintiff's data or states Regal does not know their identities.


### Responsive Docs/ESI Withheld Based on Objections **(nearly all Doc Reqs)**

Regal's responses to the Document Requests begin with "General Objections," and its response to every Document Request contains additional objections. But nearly all of those responses do not make clear whether or not Regal is withholding any responsive documents/ESI based on any of its "General" or other objections.

That violates Rule 34(b)(2)(C), which requires an objecting party to expressly state whether it is withholding any responsive materials based on objections. _See_ Fed. R. Civ. P. 34(b)(2)(C); _Novelty, Inc. v. Mt. View Mktg._, 265 F.R.D. 370, 375 (S.D. Ind. 2009) ("Objections are valid only if they specifically apprise the opposing party, and the Court, about the nature of the otherwise responsive documents that the responding party will not produce."); _Advanced Exps., LLC v. Seabrook Wallcoverings, Inc._, No. 18-830, 2018 U.S. Dist. LEXIS 138414, at *2-3 (E.D. Pa. Aug. 16, 2018) (compelling supplemental responses "describing in a specific objection any material withheld, and the basis for its withholding, as described in Rule 34(b)(2)(C)").

Please provide amended responses that expressly state in the "General Objections" section whether or not Regal is withholding any responsive documents/ESI based on any of the objections in that section, and if so, please identify which documents/ESI are being withheld pursuant to which objections.

In addition, please provide amended responses to all of the Document Requests—except Nos. 15, 18, and 29-34—that: **(1)** expressly state whether or not Regal is withholding any responsive documents/ESI based on its objections, which could also be accomplished by stating Regal "has produced all responsive documents in its possession, custody, or

control" if that is true; and **(2)** identify any materials Regal has withheld based on the objections, to the extent anything is being withheld.

## Docs Described in Regal's 26(a)(1) Initial Disclosures **(Doc Req 22)**

The documents listed in Regal's response to Document Request 22 do not appear to include "Plaintiff's employment history" or her "time cards, paystubs and payroll reports," all of which Regal identified in its Rule 26(a)(1) initial disclosures. And it is unclear from the face of the response whether or not Regal has produced all of those materials.

Please produce any documents Regal has not produced that were identified in its initial disclosures, and provide an amended response that expressly states Regal "has produced all responsive documents in its possession, custody, or control."

## Materials re: the Timeclock Received from Kronos **(Doc Reqs 16-17)**

*Document Request 16* seeks all advertising/promotional materials related to the timeclock that Regal ever received, while *Document Request 17* seeks all documents and communications Regal sent to or received from Kronos since December 1, 2014.

Yet, aside from the 2018 emails and other documents related to deleting the biometric data from Kronos' servers (which materials Regal deems helpful to its case), the only document Regal's response identifies is the migration work order from 2016. "Producing only those documents that are deemed helpful to the producing party's litigation position— parsing out the bad from the good—is, of course, impermissible." *Novelty, Inc. v. Mt. View Mktg.*, 265 F.R.D. 370, 378 (S.D. Ind. 2009).

And Regal has not produced any older documents to/from Kronos, or any documents from Kronos about the timeclock. Yet it seems inconceivable that Kronos provided Regal no marketing or informational literature in connection with Regal's decision to implement the time clocks. "[A]n earmark of a recipient's inadequate inquiry is the obvious absence of documents and other written materials that the recipient reasonably would be expected to have." *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 366-67 (D. Nev. 2019).

This begs the question of whether any other documents to/from Kronos exist. Regal's response does not answer that question. Please produce all documents/ESI Regal has that are responsive to Requests 16 or 17.

If Regal already produced all responsive documents/ESI it has, please expressly so state in amended responses that are sworn and include a description of the search Regal conducted that is specific enough to allow the Court to determine whether Regal made a reasonable inquiry and exercised due diligence. *See V5 Techs.*, 332 F.R.D. at 366-67 ("When no responsive documents are found or a dispute arises out of the completeness of the production that is made, the [answering party] must come forward with an explanation of the search conducted 'with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence[,]' . . . [which explanation] regarding the search conducted should be provided through a declaration under oath detailing the nature of the efforts to locate responsive documents.").

*        *        *

Again, I am generally available tomorrow (July 26) starting at 9:00 a.m., and on July 29 starting at 10:00 a.m. Please promptly confirm which date and time you prefer.

Thanks,
Ted

Theodore H. Kuyper
Keogh Law, Ltd.
55 W. Monroe Street, Suite 3390
Chicago, Illinois 60603
(312) 374-3406 (Direct)
(312) 726-1092 (Main)
(312) 726-1093 (Fax)
www.KeoghLaw.com

PRIVILEGED COMMUNICATION

This email and any attachments may contain confidential material or other matters protected by privilege.  Unless you are the addressee (or authorized by the addressee to receive this email for the addressee), you may not copy, use or distribute this email or any attachments.  If you received this email in error, please contact the sender.

**From:** Theodore H. Kuyper
**Sent:** Wednesday, July 24, 2024 8:40 PM
**To:** Larson, Anne E. <anne.larson@ogletree.com>
**Cc:** Sedaei, Sam <sam.sedaei@ogletreedeakins.com>; Keith J. Keogh <keith@keoghlaw.com>
**Subject:** Jenkins v. Regal - Deficiencies in Regal's Discovery Answers and Production

Anne,

I am writing pursuant to Rule 37 and Local Rule 37.2 regarding deficiencies in Regal's answers to Plaintiff's first set of interrogatories and document requests, and Regal's document production, and to request a conferral call to discuss.

I'm available on July 25 from 1-6 p.m., and on July 26 starting at 9:00 a.m.  Please let me know which date and time works best for you.

> Thanks,
> Ted

Theodore H. Kuyper
Keogh Law, Ltd.
55 W. Monroe Street, Suite 3390
Chicago, Illinois 60603
(312) 374-3406 (Direct)
(312) 726-1092 (Main)
(312) 726-1093 (Fax)
www.KeoghLaw.com

PRIVILEGED COMMUNICATION

This email and any attachments may contain confidential material or other matters protected by privilege.  Unless you are the addressee (or authorized by the addressee to receive this email for the addressee), you may not copy, use or distribute this email or any attachments.  If you received this email in error, please contact the sender.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

This email has been scanned for spam and viruses. Click here to report this email as spam.