# Ogletree Deakins

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*ATTORNEYS AT LAW*

155 N. Wacker Drive
Suite 4300
Chicago, IL 60606
Telephone: 312-558-1220
Facsimile: 312-807-3619
www.ogletree.com

Anne E. Larson
(312) 558-1253
anne.larson@ogletree.com

August 7, 2024

**Via E-Mail and U.S. Mail**

Keith Keogh
Ted Kuyper
Keogh Law, Ltd.
55 West Monroe Street, Suite 3390
Chicago, Illinois 60603

Re: *Jenkins v. Regal Cinemas, Inc.*, Case No. 20-cv-3782
    Rule 68 Offer of Judgment

Dear Counsel:

Pursuant to Federal Rule of Civil Procedure 68, defendant Regal Cinemas, Inc. ("Regal") makes the following offer of judgment to plaintiff Oshea Jenkins in *Jenkins v. Regal Cinemas, Inc.*, Case No. 20-cv-3782 (hereafter, the "Lawsuit"). Regal, with authority from the Litigation Trust established by the Third Amended Joint Chapter 11 Plan of Reorganization of Cineworld Group plc and its Debtor Subsidiaries (the "Plan"), confirmed by the United States Bankruptcy Court for the Southern District of Texas, in the jointly administered cases captioned: *In re Cineworld Group plc*, Case No. 22-90168, offers an Allowed Class 5B General Unsecured Claim in the total amount of $495,000, inclusive of plaintiff's attorneys' fees and costs, which in accordance with the terms of the Plan shall fully and finally resolve plaintiff's claims in this Lawsuit. Regal's offer of judgment will expire after two weeks if not accepted on or before 5 p.m. on August 21, 2024.

In deciding *Cothron*, the Illinois Supreme Court raised concerns over whether it was accurately construing the plain language of the Biometric Information Privacy Act ("BIPA") to provide for per-scan damages and made a direct appeal to the "legislature [to] review these policy concerns and make clear its intent regarding the assessment of damages." *See Cothron v. White Castle Sys., Inc.*, 2023 IL 128004, ¶43. The legislature answered the Court's question by passing SB2979, which prohibits per-scan damages. Governor JB Pritzker signed SB2979 into law on Friday, August 2.

BIPA's legislative history and the recent amendments in response to the majority opinion's request for clarity are indicative of what the legislature always intended - that BIPA should be construed from the outset to not provide for per-scan damages. *See People ex rel. DOL v. Sackville*

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Buffalo ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Columbus ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Fresno
Greenville ▪ Houston ▪ Indianapolis ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis ▪ Montréal (Canada)
Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland, ME ▪ Portland, OR ▪ Raleigh
Richmond ▪ St. Louis ▪ St. Thomas ▪ Sacramento ▪ Salt Lake City ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Washington

Ogletree
Deakins

Keith Keogh and Ted Kuyper
August 7, 2024
Page 2

*Constr., Inc.*, 402 Ill. App. 3d 195, 199 (2010) ("When a statute is capable of more than one reasonable interpretation, the statute will be deemed ambiguous, and the court may consider extrinsic aids to construction, such as legislative history. An amendment to a statute is an appropriate source for determining the original legislative intent of a statute. Where the statute is amended soon after questions have arisen regarding its interpretation, it is logical and reasonable to regard the amendment as a legislative interpretation of the original statute.")

   Accordingly, Regal believes that plaintiff is more likely to recover $1,000 or $2,000 at trial for her BIPA Section 15(a), (b) and (d) claims, not $495,000. However, Regal makes this offer of judgment in the amount of plaintiff's settlement demand in an effort to resolve this case now and preclude the recovery of additional attorney's fees. *See Moriarty v. Svec*, 233 F.3d 955, 967 (7th Cir. 2000) ("attorneys' fees accumulated after a party rejects a substantial offer [of settlement] provide minimal benefit to the prevailing party, and thus a reasonable attorney's fee may be less than the lodestar calculation;… "an offer is substantial if, as in this case, the offered amount appears to be roughly equal to or more than the total damages recovered by the prevailing party."); *see also Cooper v. Retrieval-Masters Creditors Bureau*, 42 F.4th 675 (7th Cir. 2022) (clarifying *Moriarty* rule, noting that non-Rule 68 offers of settlement are awarded less weight).

                Very truly yours,

                */s/* Anne E. Larson

AEL:sb

cc: Lorie Walker, Esq.