

Vienna Anaya
(214) 953-6047 (Direct Dial)
(214) 661-6647 (Fax)
vanaya@jw.com

August 7, 2024

**By Email:**
Keith Keogh & Ted Kuyper
Keogh Law, Ltd.
55 West Monroe Street, Suite 3390
Chicago, Illinois 60603
Email: Keith@keoghlaw.com;
Tkuyper@keoghlaw.com

Re: *In re Lois Business Development Corp.,* Case No. 22-90267 (MI) (formerly jointly administered under *In re Cineworld Group plc,* Case No. 22-90168), in the United States Bankruptcy Court for the Southern District of Texas ("Cineworld Bankruptcy Cases"); and

*Oshea Jenkins v. Regal Cinemas, Inc.,* Case No. 20-cv-03782, in the United States District Court for the Northern District of Illinois, Eastern Division (the "Lawsuit").

Dear Mr. Keogh and Mr. Kuyper:

We are counsel for Regal Cinemas, Inc. ("Regal"), the defendant in the above-referenced Biometric Information Privacy Act ("BIPA" or "Privacy Act") Lawsuit, in connection with the Cineworld Bankruptcy Cases. It is my understanding that there is some confusion as to the effect of the Bankruptcy Court's confirmed plan of reorganization on any judgment or settlement in the above-referenced Lawsuit filed by your client, Oshea Jenkins (the "Plaintiff"). The purpose of this letter is to address these issues and how any judgment or settlement will be treated under the confirmed plan of reorganization.

On September 7, 2022, Regal and certain of its affiliates, (collectively, the "Reorganized Debtors," and prior to the Effective Date of their Plan, the "Debtors") filed their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). As you are aware, on January 13, 2023 the Plaintiff filed Proof of Claim No. 2354 against Regal as an unliquidated general unsecured claim in the Cineworld Bankruptcy Cases (the "Oshea Claim").

Page 2

On June 8, 2023, the Plaintiff filed her *Limited Objection of Oshea Jenkins to the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of Cineworld Group plc and its Debtor Subsidiaries* [Docket No. 1815, Case No. 22-90168] (the "Oshea Confirmation Objection"). To resolve the issues set forth in the Oshea Confirmation Objection, the Plaintiff, through counsel, and Regal, through counsel, negotiated certain language to incorporate into the *Order Approving the Debtors' Disclosure Statement and Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of Cineworld Group plc and Its Debtor Subsidiaries* [Docket No. 1982, Case No. 22-90168] (the "Confirmation Order"). The language in the Confirmation Order provides the following:

> 163. **Provisions Regarding Personal Injury Claimants.** Nothing in the Plan or this Confirmation Order shall prejudice Frank Richard Aguilar, Cynthia Nora Aguilar, Patricia Schiffman, Oshea Jenkins, Noah Guisiana, or Mary Scinta (collectively, the "PI Claimants") from seeking and/or obtaining a judgment against the Debtors or the Reorganized Debtors, as applicable; ***provided that any Claim against the Debtors or the Reorganized Debtors, as applicable, on account of such judgment shall be deemed a General Unsecured Claim under the Plan***. Nothing contained in the Plan or this Confirmation Order shall be a finding that liquidates the Claim(s), if any, of the PI Claimants (such Claim(s), the "PI Claims") or that limits the amount (a) of recovery of damages that are determined after the liquidation of the PI Claims and (b) that may be recovered from any available insurance policy that provides coverage of the PI Claims, if any. Further, nothing in the Plan or this Confirmation Order shall be construed to limit, extinguish, or diminish the insurance coverage that may exist that provides coverage of the PI Claims. ***Notwithstanding anything to the contrary in this Confirmation Order or the Plan, including Articles IX.F and XIII.G thereof, the PI Claimants shall be allowed to proceed to liquidate the PI Claims and collect on any applicable insurance proceeds in state or federal court, as applicable, whether by trial or settlement, upon the Confirmation Date without further order of this Court.*** Nothing in this paragraph 163 shall be deemed an admission as to the amount, basis for, nature, validity, priority, or enforceability of the PI Claims, and the Debtors and the Reorganized Debtors, as applicable, reserve (i) all rights and defenses with respect thereto and (ii) the ability to object to the PI Claims on any basis.
>
> 164. For the avoidance of doubt, Oshea Jenkins and Mary Scinta do not consent to this Court's jurisdiction to liquidate their Allowed Claims, if any; *provided, however*, that the foregoing shall not limit this Court's jurisdiction as it exists notwithstanding such lack of consent.

Confirmation Order, at ¶¶ 163-164 (emphasis added).

On June 28, 2023, the Bankruptcy Court entered the Confirmation Order, which confirmed the *Third Amended Joint Chapter 11 Plan of Reorganization of Cineworld Group plc and Its*

*Debtor Subsidiaries* (the "Plan").[1] The effective date of the Plan occurred on July 31, 2023 [Docket No. 2067, Case No. 22-90168] (the "Effective Date").

The Confirmation Order provides the Plaintiff with relief from the Plan Injunction to liquidate the claims underlying the Oshea Claim, and, collect on any applicable insurance proceeds, if any. If there are not insurance proceeds available, the Confirmation Order provides that the judgment or settlement is only recoverable as a General Unsecured Claim under the Plan. To that end, in addition to the Confirmation Order language set forth above, the Plan further provides the following:

> No distributions under the Plan shall be made on account of an Allowed Claim that is payable pursuant to one of the Debtors' insurance policies until the Holder of such Allowed Claim has exhausted all remedies with respect to such insurance policy. To the extent that one or more of the Debtors' insurers agrees to satisfy in full or in part a Claim (if and to the extent adjudicated by a court of competent jurisdiction), then immediately upon such insurers' agreement, the applicable portion of such Claim may be expunged without a Claim Objection having to be Filed and without any further notice to or action, order, or approval of the Bankruptcy Court. ***If an applicable insurance policy has a self-insured retention ("SIR") or a deductible, the Holder of an Allowed Claim that is payable pursuant to such insurance policy, upon the Allowance of such Claim, shall have an Allowed General Unsecured Claim against the applicable Debtor's Estate up to the amount of the SIR or deductible amount that may be established upon the liquidation of the Claim, and such Holder's recovery from the Debtors or the Reorganized Debtors, as applicable, shall be solely in the form of its distribution on account of such Allowed General Unsecured Claim under the Plan***. Such SIR shall be considered satisfied pursuant to the Plan through allowance of the General Unsecured Claim solely in the amount of the applicable SIR, if any; *provided, however*, that nothing herein obligates the Debtors, the Reorganized Debtors, or the Litigation Trustee to satisfy any SIR under any insurance policy. ***Any recovery on account of the Claim in excess of the SIR or the deductible established upon the liquidation of the Claim shall be recovered solely from the Debtors' insurance coverage, if any, and only to the extent of available insurance coverage and any proceeds thereof.*** If an applicable insurance policy has a retroactive premium retention in connection with a Large Risk Alternative Rating Option Endorsement ("Retention"), the Holder of an Allowed Claim that is payable pursuant to such insurance policy shall have a Claim that can be recovered solely from the Debtors' insurance coverage, if any, and only to the extent of available insurance coverage and any proceeds thereof. For the avoidance of doubt, nothing herein or in the Confirmation Order shall modify or impair any of the Debtors' insurers' rights to be reimbursed or paid in the ordinary course according to the terms of the applicable insurance policy, including, without limitation, with respect to any amounts owed to the Debtors' insurers under an applicable SIR, any applicable Retention that has

---

[1] Capitalized terms in this letter have the meanings ascribed to them in the Plan. The Plan and Confirmation Order are voluminous. Copies will be sent to you upon written request or may be obtained free of charge at http://cases.ra.kroll.com/cineworld.

not been paid in full or the Debtors' or the Reorganized Debtors', as applicable, *pro rata* share of any expenses owed under such policy requiring satisfaction of a Retention. Nothing in this Plan shall be construed to limit, extinguish, expand, or diminish the insurance coverage that may exist or shall be construed as a finding that liquidated any Claim payable pursuant to an insurance policy. Nothing herein relieves any Entity from the requirement to timely file a Proof of Claim by the applicable Claims Bar Date.[2]

Here, as the Plaintiff accurately noted in the Oshea Confirmation Objection,[3] Regal's applicable insurance policy contains a $1,000,000 retention (the "Applicable Retention") that must be exhausted before any of the insurance proceeds are available for recovery. Accordingly, any judgment or settlement below the Applicable Retention will be paid out as a General Unsecured Claim under the terms of the Plan. Only if a judgment is entered in excess of the Applicable Retention, will the Plaintiff be able to recover amounts from the applicable insurance policy ***but only*** those amounts in excess of the Applicable Retention.

You have proposed to settle the Oshea Claim for $495,000. Pursuant to the Plan and in accordance with the parties' agreement in the Confirmation Order, the Oshea Claim, if ultimately allowed in any amount at or under the Applicable Retention, will be treated as a Class 5B Allowed General Unsecured Claim (once allowed, the "Allowed Oshea Claim"). The Plan provides for the following "Treatment" for "Class 5B – General Unsecured Claims Against the Class 5B Debtors":

> *Treatment*: In full and final satisfaction of its Allowed General Unsecured Claims in Class 5B, on the Effective Date, each Holder of an Allowed General Unsecured Claim in Class 5B shall receive its Pro Rata share of 60% of the GUC Recovery Pool.[4]

At the time the Debtors filed their *Second amended Disclosure Statement Related to the Second Amended Joint Chapter 11 Plan of Reorganization of Cineworld Group plc and its Debtor Subsidiaries* [Docket No. 1610, Case No. 22-90168] (the "Disclosure Statement"), the Debtors estimated that recoveries for Class 5B Allowed General Unsecured Claims would be anywhere from 0.7% to 4.8%. *See* Disclosure Statement, at p. 9. The estimated Claims and creditor recoveries set forth in this Disclosure Statement were based on various assumptions, and the actual Allowed amounts of Claims may significantly differ from the estimates in the Disclosure Statement. At this time, it is my understanding that the Litigation Trust is not certain of the number or amount of Claims that will ultimately be Allowed. Such differences may materially and adversely affect, among other things, the percentage recoveries to Holders of Class 5B Allowed General Unsecured Claims under the Plan. Therefore, the estimated distribution to holders of Class 5B Allowed General Unsecured Claims is unknown at this time and could be more or less than the amounts estimated in the Disclosure Statement.

---

[2] Plan, at Art. VII.M.
[3] Oshea Confirmation Objection, at ¶ 2.
[4] Plan, at Art. III.B.6.

Page 5

---

      The Plaintiff will be entitled to distributions on the Allowed Oshea Claim, if any are made, in accordance with the terms of the Plan. Only if there is an Allowed Oshea Claim in excess of the Applicable Retention, and only for the amounts in excess of the Applicable Retention, shall the Plaintiff be entitled to payment from insurance proceeds.

      For example, if the jury returns Plaintiff a verdict of $1,000 or $15,000 and the court generously awards Keogh Law $200,000 in attorneys' fees, that $201,000 or $215,000 judgment will be classified as a General Unsecured Claim payable only in accordance with the terms of the Plan, if and when distributions to creditors in the same class are made. Regal's insurance will be irrelevant because the amounts are far below the Applicable Retention. Even if Plaintiff receives a verdict and fee award that totals $495,000 (the amount of Plaintiff's settlement demand), a $495,000 judgment remains so far below the Applicable Retention that Regal's insurance remains irrelevant to your case or recovery.

      In order to obtain allowance of the Oshea Claim for the amount of any settlement of the Lawsuit, or the amount of any judgment, the Reorganized Debtors, the Plaintiff, and the Litigation Trust, will be required to file a Stipulation and Agreed Order with the Bankruptcy Court requesting allowance of the Oshea Claim. The Stipulation and Agreed Order will modify and allow the Oshea Claim to be in the amount of the judgment or settlement amount in order to obtain distributions, if any, on account of the Allowed Oshea Claim in accordance with the terms of the Plan. The same is true if any judgment is entered, as the Bankruptcy Court must allow the Oshea Claim in the applicable amount in order for the Plaintiff to receive distributions, if any, under the terms of the Plan.

      Please understand that nothing contained in this letter shall be deemed to be an election or a waiver of any of the Reorganized Debtors' rights, remedies, or recourses in connection with the Confirmation Order, the Plan, or anything else.

      If you have any questions or comments regarding this letter or the demands made herein, please do not hesitate to contact me by email at vanaya@jw.com.

Regards,

*/s/ Vienna F. Anaya*
Vienna F. Anaya

cc: Kristhy Peguero (kpeguero@jw.com)

    Anne Larson (anne.larson@ogletree.com)