**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| OSHEA JENKINS, | ) | |
| | ) | No. 1:20-cv-03782 |
| Plaintiff, | ) | |
| v. | ) | Honorable April M. Perry |
| | ) | |
| REGAL CINEMAS, INC., | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| Defendant. | ) | |

**JOINT INITIAL STATUS REPORT FOR REASSIGNED CASE**

Pursuant to ECF No. 147, Plaintiff Oshea Jenkins and Defendant Regal Cinemas, Inc. ("Defendant" or "Regal") jointly submit the following:

I.      **Nature of the Case**

      a.   **Identify the attorneys of record for each party.**

Plaintiff                                                      Defendant
Keith J. Keogh (Lead Trial Attorney)      Anne E. Larson (Lead Trial Attorney)
Theodore H. Kuyper                              Sam Sedaei
KEOGH LAW, LTD.                              OGLETREE, DEAKINS, NASH, SMOAK
55 W. Monroe Street                              & STEWART, P.C.
Suite 3390                                              155 N. Wacker Drive, Suite 4300
Chicago, Illinois 60603                          Chicago, Illinois 60606
keith@keoghlaw.com                            anne.larson@ogletreedeakins.com
tkuyper@keoghlaw.com                        sam.sedaei@ogletree.com

      b.   **State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties. If any party is a partnership or a limited liability company and the basis of jurisdiction is diversity, counsel must identify the name and domicile(s) of each and every partner/member of each such entity.**

Plaintiff's Position:

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1332(c)(1) because this is a civil action between citizens of different States and the matter in controversy exceeds $75,000, exclusive of interests and costs. Plaintiff is a citizen of Illinois and Defendant is a citizen of Tennessee.

Defendant's Position:

This Court has diversity jurisdiction because the amount in controversy was met at the time

1

of filing and removal to federal court. *See Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368 (7th Cir. 1993 ("In a removed case, the existence of federal subject matter jurisdiction is assessed as of the time of removal and is not affected by post-removal events"). However, the matter in controversy no longer exceeds $75,000 exclusive of interest and costs, as discussed in Section I(d).

**c. Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

Plaintiff's Position:

Plaintiff claims Defendant violated the Illinois Biometric Information Privacy Act ("BIPA") in connection with the biometric timeclock Defendant required Plaintiff to use. Specifically, Plaintiff alleges Defendant: (1) did not obtain her informed written consent before collecting, capturing, or otherwise obtaining her fingerprints and biometric information, pursuant to 740 ILCS 14/15(b); (2) did not have a retention schedule and guidelines for permanently destroying her fingerprints and biometric information, and did not permanently destroy that data within the timeframe required by 740 ILCS 14/15(a); and (3) disclosed and redisclosed that data to a third-party without her prior informed consent, in violation of 740 ILCS 14/15(d). There are no counterclaims or third-party claims.

Plaintiff notes that the discussion in Defendant's position below is not responsive to the subject of this subsection, and has resulted in this filing exceeding the Court-ordered five-page limit. Furthermore, setting aside that a joint status report is not the appropriate forum for the argument in the last paragraph of Defendant's position, that argument is irrelevant to Plaintiff's BIPA claims as a matter of law, and in any event, was already rejected by Judge Bucklo. *See infra* § II(e) (Plaintiff's Position).

Defendant's Position:

This lawsuit was filed as a putative BIPA class action on May 5, 2020. On September 7, 2022, Regal Cinemas and certain of its affiliates filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). *See In re Cineworld Group plc*, Case No. 22-90168. On January 13, 2023, Plaintiff filed an unliquidated general unsecured claim (no. 2354) in the Bankruptcy Court, which asserted a single-plaintiff BIPA claim (not a putative class action) against Regal Cinemas.

On July 31, 2023, this lawsuit emerged from bankruptcy as a single-plaintiff BIPA action with significant limitations on any recovery pursuant to the Confirmation Order and Plan of Reorganization ("Plan"). *See In re Cineworld Group plc*, Case No. 22-90168, ECF 1982, ¶163. Any possible judgment against Regal Cinemas in this case shall be submitted to the Bankruptcy Court as a general unsecured claim, to be satisfied in accordance with the terms of the Plan and Confirmation Order, as agreed to by plaintiff in paragraph 163 of the Confirmation Order (*Id.* ECF 1982, ¶163.) The Plan further provides that to the extent there is any available insurance coverage, plaintiff may collect on said policy but only if a judgment is entered in excess of the policy's retention and only on the amount in excess of the retention. (*Id.* ECF 1982, ¶163 & Article VII(M).) The retention is $1,000,000, if available.

228148_7

On August 7, 2024, Regal Cinemas' bankruptcy counsel, Jackson Walker LLP, sent plaintiff's counsel correspondence to explain that any judgment in this case will be submitted to the bankruptcy court as a general unsecured claim. (ECF 128-12.) On August 18, 2025, Jackson Walker answered plaintiff's counsel's follow-up questions that the bankruptcy Litigation Trust's anticipated payout was one or two percent of any judgment (general unsecured claim). *See also* Judge Bucklo's recent orders rejecting per-scan damages discussed in Section I(d) below.

Defendant refers the Court to its Answer and Affirmative and Other Defenses (ECF 114.) Summarized, the answer and defenses state, *inter alia*, that Regal Cinemas ended use of all biometrics nationwide in 2018, within months of learning of BIPA. Plaintiff's alleged biometric template was housed locally in its own server from December 22, 2014 to May 26, 2016, so there was no unauthorized Rule 15(d) disclosure to any third-party while she used the time clock. Regal Cinemas permanently destroyed plaintiff's alleged biometric template years before she filed this lawsuit on May 5, 2020, and produced undisputed evidence of its permanent destruction to plaintiff almost four years ago in the winter of 2021.

> **d. Describe the relief sought by the plaintiff(s) and provide an estimate of damages, if any.**

Plaintiff's Position:

Plaintiff seeks $5,000 "for each violation" of BIPA that is reckless or intentional, or $1,000 "for each violation" that is negligent. 740 ILCS 14/20(a); *see also Cothron v. White Castle Sys.*, 2023 IL 128004, ¶ 45 (holding a separate "claim accrues … with every scan or transmission"); *Schwartz v. Supply Network, Inc.*, 2024 U.S. Dist. LEXIS 213002, *7-8 (N.D. Ill. Nov. 22, 2024) (holding August 2024 amendment to BIPA § 20 "is a change rather than a clarification" and does not apply retroactively); *Blocker v. Biomat*, 24-cv-2676 (N.D. Ill. Dec. 6, 2024), ECF No. 64 at 1-2, n.1 (same, reasoning the "determination in *Schwartz* that the Illinois legislature did not intend the amendment to be retroactive has been bolstered by the fact . . . that the amendment's lead sponsor expressly stated that the amendment was not retroactive during the debate preceding the vote"); ECF No. 137-7, 6:24-9:4 (*Franklin v. Troy Design & Mfg. Co.*, 23-cv-15610 (N.D. Ill. Nov. 4, 2024 Hr'g Tr.) (same).[1]  Plaintiff also seeks declaratory relief, injunctive relief to ensure her data was permanently destroyed, and reasonable attorneys' fees and costs pursuant to 740 ILCS 14/20(a).

Defendant's Position:

Judge Elaine Bucklo, who presided over this case immediately prior to its re-assignment to this Court, has held that the BIPA Clarification Amendments, PA 103-0769, were never intended to provide for liquidated damages for each purported violation (*i.e.*, per-scan damages). "Accordingly, the clarified intent enacted in PA 103-0769 must be applied as if it were clear from

---

[1] Furthermore, the following state-court rulings on this issue likewise held that the amendment substantively changed BIPA and cannot be applied retroactively.  *See* ECF No. 137-9 at 4-9 (*Rojo v. Homer Tree Care, Inc.*, 23 L 8588 (Cir. Ct. Cook Cnty., Ill. Oct. 30, 2024)); ECF No. 137-10 at 4 (*Gagen v. Mandell Menkes, LLC*, 2023 L 8294 (Cir. Ct. Cook Cnty., Ill. Oct. 21, 2024)); ECF No. 137-11 at 4-9 (*Wallace v. Vee Pak, LLC*, 24 L 4560 (Cir. Ct. Cook Cnty., Ill. Oct. 10, 2024)); ECF No. 137-12 ¶ 4 (*Boatman v. Riveredge Hosp., Inc.*, 24 L 3329 (Cir. Ct. Cook Cnty., Ill. Nov. 7, 2024)).

228148_7

the date of the BIPA's enactment," which moots plaintiff's per-scan claim and limits plaintiff to a "maximum recovery of $15,000." *See Gregg v. Central Transport LLC*, No. 1:24-cv-1925, ECF 53, p. 8 (N.D. Ill. Nov. 13, 2024); *Amigon v. Old Dominion Freight Line, Inc.*, No. 1:24-cv-1934, ECF 47, pp. 2-3 (N.D. Ill Nov. 15, 2024) (same). *See also Sellers v. DNJ Intermodal Serv., LLC*, 2024 LA 92 (Cir. Ct. Will Cty Oct. 31, 2024) (granting motion to strike the complaint's per-scan prayer for damages applying the BIPA Clarification Amendments); *Ballard v.* Freedman Seating Co., 2024 L 004609 (Cir. Ct. Cook Cty Oct. 2, 2024) (transferring case from Law Division to First Municipal District as plaintiff's statutory damages are less than $30,000, applying BIPA Clarification Amendments).

Applying Judge Bucklo's rulings to plaintiff's Section 15(a), (b) and (d) claims, plaintiff's maximum recovery for her three claims is $15,000, assuming plaintiff can show that each claim was a reckless or intentional violation (subject to $5,000 in statutory liquidated damages). If plaintiff does not prevail on all three claims and the alleged violation was negligent ($1,000 in liquidated damages), then plaintiff's possible judgment may range from $1,000 to $3,000. Further applying the bankruptcy Litigation Trust's one to two percent anticipated payout, any judgment between $1,000 and $15,000 is further reduced to $100 to $300.

> **e. List the names of any parties who have not yet been served.**

Every party has been served.

## II. Discovery and Pending Motions

> **a. Briefly describe all pending motions, including the date the motion was filed and the briefing schedule, if any.**

On 11/26/24, Plaintiff filed two motions to compel and a motion to deem facts admitted. *See* ECF Nos. 137-138, 140-142 (public-record and sealed versions thereof). Those motions were fully briefed as of 12/17/24. *See* ECF Nos. 150-152 (Defendant's opposition briefs). Regal Cinemas objected, *inter alia*, to what it argued was plaintiff's attempt to evade Local Rule 7.1's 15-page limit by filing two separate Motions to Compel over the very same First Set of Interrogatories and First Set of Document Requests in a single-plaintiff BIPA case of such insignificant value.

> **b. What is the current discovery schedule?**

Fact discovery currently closes on 2/14/25. ECF No. 149.

> **c. Briefly describe all fact and expert discovery that the parties have conducted, including any electronic discovery.**

Party and non-party written fact discovery, including electronic discovery, has been conducted and is nearing completion.

> **d. Describe any discovery that the parties still need to complete, and indicate whether the parties anticipate completing discovery by the current deadline.**

Defendant plans to serve a third-party subpoena for deposition of Kronos/UKG and take plaintiff's deposition and any other depositions deemed necessary following plaintiff's deposition. Plaintiff plans to take a Rule 30(b)(6) deposition of Regal Cinemas in January. That will be followed by written then oral expert discovery.

> **e. Briefly summarize all substantive rulings issued in the case. For each ruling, include the date and the docket number.**

On 3/1/24, Judge Bucklo denied Defendant's motion to dismiss. ECF 112.

Plaintiff's Position:

Judge Bucklo held Plaintiff's § 15(a) claim for failure to permanently destroy her biometric identifiers and information within the required timeframe is timely and viable, and rejected Defendant's argument that Judge Feinerman determined Defendant's evidence he reviewed *in camera* defeats Plaintiff's § 15(a) claim. *See* ECF No. 112 at 3-4, n.2.

Defendant's Position:

Judge Bucklo ruled that Regal Cinemas' arguments did not "warrant[] dismissal at this stage." (ECF 112, p. 3.) The Court rejected the analysis and authority for dismissal cited in *Horn v. Method Products, PBC*, 2022 WL 1090887, *4 (N.D. Ill. 2022 (Ellis, J.) and *Meegan v. NFI Indus., Inc.*, 2020 WL 3000281, *2 (N.D. Ill. 2020) (Durkin, J) because "it reads out the requirement that a collector destroy biometric information 'when the initial purpose for collecting or obtaining such identifiers or information has been satisfied' … [a]nd because I cannot determine from the pleadings if that condition was satisfied here." Judge Bucklo also declined defendant's suggestion to take judicial notice of Judge Feinerman's ruling that Regal's evidence of permanent destruction of the alleged biometric data was "sufficient," viewing that ruling as a "limited discovery exercise." (*Id.* p. 4, n. 2.)

> **f. Briefly describe any anticipated motions, including whether any party intends to move for summary judgment.**

Plaintiff intends to move for summary judgment. If necessary, defendant intends to move for summary judgment and to file a Rule 16 issue-narrowing motion on the issue of per-scan damages.

## III. Trial

> **a. Have any of the parties demanded a jury trial?**

No party has demanded a jury trial.

> **b. What is the trial date (if any)? If there is no trial date, when will the parties be ready for trial?**

No trial date has been sent. The parties will be ready for trial within a reasonable period after dispositive motions are decided and expert discovery completed.

228148_7

### c. Have the parties filed a final pretrial order? If so, when? If not, when is the deadline for the filing?

The parties have not filed a final pretrial order, and no such deadline has been set.

### d. Estimate the number of trial days.

Plaintiff estimates a trial would last 2-3 days. Defendant estimates a trial would last 3-4 days, assuming the Court has civil and criminal court calls and mandatory criminal hearings on trial days.

## IV. Settlement, Referrals, and Consent

### a. Have any settlement discussions taken place? If so, what is the status?

Plaintiff's Position:

The parties already had a settlement conference before Magistrate Judge Cole on 7/22/24 that was unsuccessful. There have been no further discussions or negotiations regarding settlement. The discussion of Rule 68 offers in Defendant's position below is not responsive to the subject of this subsection, and has resulted in this filing exceeding the Court-ordered five-page limit. In addition, the last paragraph of Defendant's position is untrue.

Defendant's Position:

Following the settlement conference, Regal Cinemas made plaintiff two Rule 68 Offers of Judgment on August 7 and 13, 2024. Regal Cinemas' bankruptcy counsel, Jackson Walker LLP, sent plaintiff's counsel correspondence on August 7, 2024, to ensure there is no misunderstanding that any judgment in this case will be submitted to the bankruptcy court as a general unsecured claim. On August 18, 2025, Jackson Walker answered plaintiff's counsel's follow-up questions and explained that the bankruptcy Litigation Trust's anticipated payout was one or two percent of any judgment (general unsecured claim). (*See* Section I(C.)

Regal Cinemas asked plaintiff if she was reconsidering settlement following Judge Bucklo's rulings in *Gregg* and *Amigon* rejecting per-scan damages. Regal's November 18, 2024, email further suggested that settlement negotiations were a better use of the parties' time than briefing plaintiff's discovery motions.

### b. Has this case been referred to the Magistrate Judge for discovery supervision and/or a settlement conference?

Yes, the case was referred to Magistrate Judge Cole for both purposes.

### c. Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

Plaintiff's Position:

Not at this time as the parties already had a settlement conference before Judge Cole that was unsuccessful.

Defendant's Position:

Defendant is always open to reasonable settlement discussions and welcomes another opportunity to work with Magistrate Judge Cole or Judge Perry on settlement.

**d. Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure?**

The Parties do not unanimously consent to proceed before the assigned Magistrate Judge.

**V. Other**

**a. Is there anything else that the plaintiff(s) wants the Court to know? Is there anything else that the defendant(s) wants the Court to know?**

There is nothing at this time from the parties' perspectives.

Dated: January 6, 2025                Respectfully Submitted,

                            /s/ Theodore H. Kuyper
                            Keith J. Keogh
                            Theodore H. Kuyper
                            KEOGH LAW, LTD.
                            55 W. Monroe Street, Suite 3390
                            Chicago, Illinois 60603
                            (312) 726-1092
                            (312) 726-1093 (fax)
                            keith@keoghlaw.com
                            tkuyper@keoghlaw.com
                            ***Attorneys for Plaintiff***

                            /s/ Anne E. Larson
                            Anne E. Larson
                            Sam Sedaei
                            OGLETREE, DEAKINS, NASH,
                            SMOAK & STEWART, P.C.
                            155 N. Wacker Drive, Suite 4300
                            Chicago, Illinois 60606
                            (312) 558-1253
                            anne.larson@ogletree.com
                            sam.sedaei@ogletree.com
                            ***Attorneys for Defendant***

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on January 6, 2025 I caused a copy of the foregoing ***Joint Initial Status Report for Reassigned Case*** to be served upon all counsel of record via electronic filing using the CM/ECF system.

<u>  /s/ Theodore H. Kuyper     </u>

228148_7